1
2
3
4
5
6
7
8

Mark T. Bennett, SBN 89061
E-Mail: mbennett@mgfllp.com
JEFFREY B. BAIRD, SBN 199280
E-Mail: jbaird@mgfllp.com
CHAD T. WISHCHUK, SBN 214779
E-Mail: cwishchuk@mgfllp.com

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
8620 SPECTRUM CENTER BOULEVARD – SUITE 900
SAN DIEGO, CALIFORNIA 92123-1489
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Challenger Sheet Metal, Inc., The Augustine
Company, Echo Pacific Construction, Inc., and
Jaynes Corporation of California

9       UNITED STATES DISTRICT COURT

10      SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  BRANDON DURAN and BYRON PEDROZA, individually and on behalf of all others similarly situated, | CASE NO:   '10 CV 2643 DMS BGS |
| 13        Plaintiffs, | NOTICE OF REMOVAL OF DEFENDANTS CHALLENGER SHEET METAL, INC., THE AUGUSTINE COMPANY, ECHO PACIFIC CONSTRUCTION, INC., AND JAYNES CORPORATION OF CALIFORNIA |
| 14  v. | |
| 15  CHALLENGER SHEET METAL, INC., a California corporation; THE AUGUSTINE COMPANY, a California corporation ECHO PACIFIC CONSTRUCTION, INC., a California corporation JAYNES CORPORATION OF CALIFORNIA, a California corporation and DOES 1-750 | Complaint Filed:   November 22, 2010 Trial Date:          Not Set |
| 20 | |
| 21        Defendants. | |

22      PLEASE TAKE NOTICE that Defendants Challenger Sheet Metal, Inc.

23  ("Challenger"), The Augustine Company ("Augustine"), Echo Pacific

24  Construction, Inc. ("Echo"), and Jaynes Construction Company of California

25  ("Jaynes") (collectively "Defendants"), and each of them, hereby remove to this

26  Court the state court action known as *Brandon Duran and Byron Pedroza,*

27  *individually and on behalf of all others similarly situated v. Challenger Sheet*

28

NOTICE OF REMOVAL OF DEFENDANTS CHALLENGER SHEET METAL, INC., THE
AUGUSTINE COMPANY, ECHO PACIFIC CONSTRUCTION, INC., AND JAYNES
CORPORATION OF CALIFORNIA

*Metal, Inc., The Augustine Company, Echo Pacific Construction, Inc., Jaynes*
*Corporation of California, and DOES 1 through 750, inclusive*, San Diego
County Superior Court Case No. 37-2010-00104552-CU-OE-CTL.  The grounds
for removal are set forth below.

REMOVAL JURISDICTION

1.     On November 22, 2010, a civil action was commenced by the filing
of a complaint in the Superior Court of the State of California in and for the
County of San Diego ("Complaint").  The state court action is entitled *Brandon*
*Duran and Byron Pedroza, individually and on behalf of all others similarly*
*situated v. Challenger Sheet Metal, Inc., The Augustine Company, Echo Pacific*
*Construction, Inc., Jaynes Corporation of California, and DOES 1 through 750,*
*inclusive*, and was assigned San Diego Superior Court Case No. 37-2010-
00104552-CU-OE-CTL.

2.     A copy of the Complaint is attached as Exhibit "A."  No amended
complaint has been filed or served upon any of the Defendants.  Attached as
Exhibit "B" is a copy of the state court summons in the state court action.
Attached as Exhibit "C" is a copy of the Civil Case Cover Sheet.  No other
papers have been filed in the San Diego County Superior Court or served upon
any of the Defendants.

3.     The San Diego County Superior Court is within the geographic
jurisdiction of the United States District Court for the Southern District of
California.  Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a).

/ / / / /

/ / / / /

/ / / / /

/ / / / /

2

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

NOTICE OF REMOVAL OF DEFENDANTS CHALLENGER SHEET METAL, INC., THE
AUGUSTINE COMPANY, ECHO PACIFIC CONSTRUCTION, INC., AND JAYNES
CORPORATION OF CALIFORNIA

4.    The Complaint contains the following seven claims for relief:

    a.    The first claim for relief is against all Defendants and alleges a violation of California Business and Professions Code § 17200.

    b.    The second claim for relief is against Challenger only and alleges violations of California Labor Code §§ 204 and 1774.

    c.    The third claim for relief is against Challenger only and alleges violations of California Labor Code §§ 51, 1810, 1811, 1815 and Industrial Welfare Commission Wage Order No. 16 ("Wage Order 16").

    d.    The fourth claim for relief is against Challenger only and alleges violations of California Labor Code §§ 221, 223, and Wage Order 16.

    e.    The fifth claim for relief is against Challenger only and alleges a violation of California Labor Code § 226.

    f.    The sixth claim for relief is against Challenger only and alleges a violation of California Labor Code § 203.

    g.    The seventh claim for relief is against Augustine, Echo, and Jaynes and alleges a violation of California Labor Code § 2810.

5.    As described more fully below, this action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441(b) in that at times referred to in the Complaint, Plaintiff Brandon Duran ("Duran") and Plaintiff Byron Pedroza ("Pedroza") were employed on the Federal Marine Corps Base Camp Pendleton.  Camp Pendleton is a federal enclave.  *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1144-45 (S.D. Cal. 2007).   The facts upon

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

NOTICE OF REMOVAL OF DEFENDANTS CHALLENGER SHEET METAL, INC., THE AUGUSTINE COMPANY, ECHO PACIFIC CONSTRUCTION, INC., AND JAYNES CORPORATION OF CALIFORNIA

which Plaintiffs base some of their claims for relief occurred, if at all, on Camp Pendleton, a federal enclave.

### TIMELINESS OF REMOVAL

6.     Defendants Challenger, Jaynes, Echo, and Augustine were served with the Complaint and Summons on December 20, 2010, and not earlier.  This Notice of Removal was therefore timely filed.  Removal is timely under 28 U.S.C. § 1446(b).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348, 119 S. Ct. 1322, 1325-1326, 143 L. Ed.2d 448 (1999).

### JOINDER IN REMOVAL

7.     Defendants Challenger, Augustine, Echo, and Jaynes, and each of them, join in the removal of this action.  It is not necessary for DOES 1 through 750, or any of them, to join in this removal as they have been sued under fictitious names, have not been served or received the Complaint or summons, and under 28 U.S.C. § 1441 are disregarded for purposes of removal.

### THE PARTIES AND BASIS FOR REMOVAL

8.     In 1939, California consented to allow the United States to acquire by purchase or condemnation any tract of land within California for the purpose of erecting forts or other needful buildings.   Cal. Stats. 1939, ch. 710, § 1, p. 2231.   In 1942 and 1943, the United States acquired Camp Pendleton through eminent domain actions.  A certified copy of the letter dated September 8, 1943, from James Forrestal, Under Secretary of the Navy, to Earl Warren, California's governor, is attached as Exhibit "D."  Camp Pendleton has been a federal enclave continuously from 1943 to the date of the filing of this notice.  *Stiefel,* 497 F.Supp. 2d at 1144-45.

*/ / / / /*

MARKS, GOLIA & FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

4

NOTICE OF REMOVAL OF DEFENDANTS CHALLENGER SHEET METAL, INC., THE AUGUSTINE COMPANY, ECHO PACIFIC CONSTRUCTION, INC., AND JAYNES CORPORATION OF CALIFORNIA

9.     Challenger is a California corporation with its principal place of business located in San Diego, California.  Between December 2006 and 2010, Challenger entered into public works contracts with general construction contractors to perform work on projects owned by the United States federal government at Camp Pendleton.  Duran, Pedroza, and putative class members worked on those Camp Pendleton projects.  While paragraph 16 of the Complaint lists certain projects on which it alleged work was performed, the Complaint is not limited to those projects and includes within its broad allegations the Camp Pendleton projects.

10.     The Complaint further alleges the following in paragraph 36: "Plaintiffs seek to represent the class of all sheet metal workers who performed work for Challenger between November 22, 2006 and the present."  Similarly, proposed subclasses in the Complaint include sheet metal workers who performed work for Challenger on public works projects between November 22, 2006, and the present.  Challenger performed work on Camp Pendleton, a federal enclave, between December 2006 and the present.  Duran and Pedroza both worked for Challenger on Camp Pendleton during this time period.  Thus, Duran's and Pedroza's claims and the proposed class claims include work on a federal enclave.

11.     Accordingly, some of the alleged wrongful acts took place, if at all, on Camp Pendleton, a federal enclave.  This Court has original subject matter jurisdiction over such claims and the Complaint is removable.  *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1249-50 (9th Cir. 2006).  Only state laws in effect at the time of cession or transfer of jurisdiction of the property in question can continue in operation on a federal enclave.  *Stiefl,* 497 F.Supp.2d at 1147.  Each claim for relief in the Complaint is based upon statutes,

5

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

NOTICE OF REMOVAL OF DEFENDANTS CHALLENGER SHEET METAL, INC., THE AUGUSTINE COMPANY, ECHO PACIFIC CONSTRUCTION, INC., AND JAYNES CORPORATION OF CALIFORNIA

regulations, and laws of the State of California that either did not exist at the time Camp Pendleton became a federal enclave or which conflict with the federal law that applies to the enclave.  Therefore, each claim for relief alleged in the Complaint is barred by the federal-enclave doctrine to the extent that the claims relate to work performed on Camp Pendleton or any other federal enclave. *Mersnick v. USProtect Corp.,* 2006 WL 3734396 (N.D. Cal. Dec. 18, 2006); *Stiefl, supra.*

12.    Not only does this Court have removal or original jurisdiction over the claims for relief in the Complaint, this Court also has supplemental jurisdiction over such claims under 28 U.S.C. § 1367 in that such claims are so related to claims as to which original or removal jurisdiction does exist that they form part of the same case or controversy under Article III of the United States Constitution.  Such claims are removable under 28 U.S.C. § 1441(c).

DATED:  December 22, 2010                    Respectfully submitted,

                                             MARKS, GOLIA & FINCH, LLP


                                             By:   /s/ Mark T. Bennett
                                                   MARK T. BENNETT
                                                   JEFFREY B. BAIRD
                                                   CHAD T. WISHCHUK
                                                   Attorneys for Challenger Sheet Metal,
                                                   Inc., The Augustine Company, Echo
                                                   Pacific Construction, Inc., and Jaynes
                                                   Corporation of California
                                                   E-Mail:  mbennett@mgfllp.com

1143.004/30P9448.bdp

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

NOTICE OF REMOVAL OF DEFENDANTS CHALLENGER SHEET METAL, INC., THE AUGUSTINE COMPANY, ECHO PACIFIC CONSTRUCTION, INC., AND JAYNES CORPORATION OF CALIFORNIA

1

2

## INDEX OF EXHIBITS

| EXHIBIT NO.: | DESCRIPTION | PAGE NO.: |
|---|---|---|
| Exhibit "A" | Class Action Complaint For Unfair Business Practices, Violations of Labor Code, Injunctive Relief, and Attorneys Fees | DFTS000007–DFTS000030 |
| Exhibit "B" | State Court Summons | DFTS000031 |
| Exhibit "C" | Civil Case Cover Sheet | DFTS000032–DFTS000033 |
| Exhibit "D" | Certified Copy of letter dated September 8, 1943 from James Forrestal, Under Secretary of the Navy, to Earl Warren, California's Governor | DFTS000034–DFTS000039 |

INDEX OF EXHIBITS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 22nd day of December 2010 and is available for viewing and downloading to the ECF registered counsel of record.  This also certifies that on this 22st day of December 2010, a true and correct copy of the within document was forwarded via U.S. Mail, postage prepaid, to the following counsel of record:

Via Electronic Service/ECF and U.S. Mail, postage prepaid:

**Attorney for Plaintiffs**:

Dennis J. Hayes, Esq. (SBN 123576)
E-Mail:  djh@sdlaborlaw.com
Ricardo Ochoa, Esq. (SBN 206462)
E-Mail:  ro@sdlaborlaw.com
Hayes & Cunningham, LLP
3258 Fourth Avenue
San Diego, California 92130
Telephone:  (619) 297-6900
Facsimile:  (619) 297-6901


DATED:  December 22, 2010          MARKS, GOLIA & FINCH, LLP


                                   By:    /s/ Mark T. Bennett
                                          MARK T. BENNETT
                                          JEFFREY B. BAIRD
                                          CHAD T. WISHCHUK
                                          Attorneys for Challenger Sheet Metal,
                                   Inc., The Augustine Company, Echo Pacific
                                   Construction, Inc., and Jaynes Corporation of
                                   California
                                   E-Mail:  mbennett@mgfllp.com

CERTIFICATE OF SERVICE

# EXHIBIT "A"

**EXHIBIT "A"**

1  Dennis J. Hayes, Esq. (SBN 123576)
   djh@sdlaborlaw.com
2  Ricardo Ochoa, Esq. (SBN 206462)
   ro@sdlaborlaw.com
3  **HAYES & CUNNINGHAM, LLP**
4  3258 Fourth Avenue
   San Diego, CA 92103
5  Telephone: (619) 297-6900
   Fax:        (619) 297-6901
6
   Attorneys for PLAINTIFFS
7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **SAN DIEGO COUNTY**

10  BRANDON DURAN and BYRON          **CLASS ACTION**
    PEDROZA, individually and on behalf of
11  all others similarly situated,          **CASE NO.:** 37-2010-00104552-CU-OE-CTL

12          PLAINTIFFS,              **CLASS ACTION COMPLAINT FOR
                                     UNFAIR BUSINESS PRACTICES,**
13      vs.                          **VIOLATIONS OF LABOR CODE,
                                     INJUNCTIVE RELIEF, AND ATTORNEYS
14  CHALLENGER SHEET METAL, INC.,    FEES**
    THE AUGUSTINE COMPANY, ECHO
15  PACIFIC     CONSTRUCTION,    INC.,
    JAYNES       CORPORATION      OF    **DEMAND FOR JURY TRIAL**
16  CALIFORNIA, and DOES 1-750,

17          DEFENDANTS.

18

19

20

21                    **INTRODUCTION**

22

23      PLAINTIFFS BRANDON DURAN ("DURAN") and BYRON PEDROZA

24  ("PEDROZA") (collectively "PLAINTIFFS"), suing on behalf of themselves and others

25  similarly situated, bring this action against CHALLENGER SHEET METAL, INC.,

26  ("CHALLENGER"), THE AUGUSTINE COMPANY ("AUGUSTINE"), ECHO PACIFIC

27  CONSTRUCTION, INC. ("ECHO PACIFIC"), JAYNES CORPORATION OF CALIFORNIA

28  ("JAYNES"), and other as of yet unnamed defendants, alleging unfair business practices and

                              -1-                    **Exhibit "A"**

1   violations of the California Labor Code. PLAINTIFFS bring this action as a class action on
2   behalf of themselves and others similarly situated.

3          PLAINTIFFS seek restitution, declaratory and injunctive relief, including an equitable
4   accounting, attorneys' fees, and costs of suit.

5
6                                        **THE PARTIES**

7          1.     PLAINTIFF DURAN is an adult who has been employed in California by
8   CHALLENGER from October 2009 until August 2010 as a sheet metal journeyman.

9          2.     PLAINTIFF PEDROZA is an adult who has been employed in California by
10  CHALLENGER from September 2008 until March 2010 as a sheet metal journeyman.

11         3.     CHALLENGER is a corporation doing business in California, and is a "person"
12  as defined by California Labor Code § 18, and by California Business and Professions Code
13  § 17201. CHALLENGER is an "employer" as defined by both the California Labor Code and
14  the California Industrial Welfare Commission's orders regulating wages, hours, and working
15  conditions.

16         4.     CHALLENGER is a sheet metal contractor and has at all relevant times possessed
17  a Class C-43 (Sheet Metal) license from the California Contractors State License Board
18  ("CSLB"). CHALLENGER employs sheet metal workers to perform construction craft work on
19  public works and private construction jobs.

20         5.     PLAINTIFFS are informed and believe, and thereon allege, that CHALLENGER
21  currently employs approximately 100 sheet metal workers, that CHALLENGER has employed
22  as many as 200 sheet metal workers at any given time within the applicable statutory period, and
23  that CHALLENGER has employed in excess of 400 sheet metal workers in total during the
24  applicable statutory period.

25         6.     AUGUSTINE is a corporation doing business in California, and is a "person" as
26  defined by California Labor Code § 18, and by California Business and Professions Code
27  § 17201. AUGUSTINE is a general contractor that has entered into construction contracts, as
28  defined by Labor Code § 2810, with CHALLENGER, including public works contracts.

                                        - 2 -                    **Exhibit "A"**

7.    ECHO PACIFIC is a corporation doing business in California, and is a "person" as defined by California Labor Code § 18, and by California Business and Professions Code § 17201. ECHO PACIFIC is a general contractor that has entered into construction contracts, as defined by Labor Code § 2810, with CHALLENGER, including public works contracts.

8.    JAYNES is a corporation doing business in California, and is a "person" as defined by California Labor Code § 18, and by California Business and Professions Code § 17201. JAYNES is a general contractor that has entered into construction contracts, as defined by Labor Code § 2810, with CHALLENGER, including public works contracts.

9.    PLAINTIFFS are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 750 ("DOE DEFENDANTS"), inclusive, but they are the General Contractors and entities who have entered into construction contracts, as defined by Labor Code § 2810, with CHALLENGER and therefore PLAINTIFFS sue these DOE DEFENDANTS by such fictitious names. PLAINTIFFS will amend this Complaint to allege their true names and capacities when ascertained. PLAINTIFFS are informed and believe and thereupon allege that each of the fictitiously named DOE DEFENDANT is responsible in some manner for the occurrences herein alleged and that PLAINTIFFS' damages as herein alleged are proximately caused by such occurrences.

10.    PLAINTIFFS are informed and believe, and thereon allege, that AUGUSTINE, ECHO PACIFIC, JAYNES, and the DOE DEFENDANTS (collectively "GENERAL CONTRACTOR DEFENDANTS") is responsible in some manner for the occurrences alleged herein and that the damages suffered by PLAINTIFFS and the class as herein alleged are proximately caused by such occurrences.

11.    At all relevant times herein, Defendants were the agents of each other and acting within the course and scope of their agency.

12.    Venue is proper based on the location of work performed by Defendants in San Diego County. The principal offices of each Defendant is also located in San Diego County. The relief requested is within the jurisdiction of this Court.

///

- 3 -

**Exhibit "A"**

## FACTUAL ALLEGATIONS

13.    At all times relevant herein, CHALLENGER performed sheet metal work on various construction projects, including public works projects, throughout the State of California.  As part of this business, CHALLENGER employed sheet metal journeymen, sheet metal apprentices, and sheet metal technicians (collectively "sheet metal workers").

14.    PLAINTIFFS and other members of the proposed class allege that they have suffered injury in fact and economic harm, as described in more detail below, from CHALLENGER's violations of the Unfair Competition Law, Business & Professions Code § 17200 *et seq.*, and the Labor Code, and thus seek restitution and injunctive relief for such injury.

15.    Public works construction is regulated by the Department of Industrial Relations ("DIR"), whose Department of Labor Standards Research ("DLSR") determines, pursuant to Labor Code § 1770, 1773, and 1773.1, the prevailing per diem wage, the appropriate job classification through "Scope of Work" and determines the rate of pay, including benefits, that shall be paid to certain crafts of employees, including sheet metal workers.

16.    CHALLENGER has provided services on public works construction projects as defined by Labor Code § 1720, including but not limited to: El Capitan High School, Helix High School; Lincoln Middle School; Murrieta Mesa High School; Upland Fire Station # 4; Riverside Fire Station #14; Palm Desert Middle School; Todd Elementary; Logan Heights Library, UCSD RIMAC Annex; Imperial Valley College Science Building; Dual Vista Magnet School; Serrano Intermediate School; San Diego Community College Building P; Temecula Civic Center; Nuview Elementary Library Addition; Tideland Comfort Stations; UC Irvine Arts Building; CSU San Marcos Behavioral & Sciences Building; Hemet High School Weight Room; Rancho Cucamonga Middle School; Diamond & Kennedy Elementary School; Sunset Hills Elementary School; Mt. Miguel High School; El Toro High School; Chet Harritt Elementary School; Prospect Elementary School; Canyon View Elementary School; Deer Canyon Elementary School; UCSD Price Center; El Corazon Senior Center; Hicks Canyon Elementary School; Murrieta City Hall; San Juan Hills High School; Rancho Viejo Middle School; Tahquitz High

- 4 -

**Exhibit "A"**

1   School; Louis Vandermolen Elementary School; Kaiser High School; and Escondido High

2   School.

3       17.    The DIR's Division of Apprenticeship Standards ("DAS") promulgates

4   regulations concerning apprenticeship and approves programs for training of apprentices. The

5   DAS also promulgates regulations pertaining to public works jobs, and the obligation of

6   contractors doing work on those jobs to request and train apprentices.

7       18.    PLAINTIFFS are and have been, at all relevant times herein, employed by

8   CHALLENGER as a nonexempt employee who was paid hourly wages, in on-site construction

9   occupations, as defined by Industrial Welfare Commission Wage Order 16-2001, 8 CCR

10  §11160(2)(C) (hereinafter "Wage Order 16").

11      19.    CHALLENGER failed to pay the correct minimum prevailing wage to

12  PLAINTIFFS and the class on public works jobs, in violation of Labor Code § 1774.

13      20.    CHALLENGER failed to pay the correct minimum prevailing wage to

14  PLAINTIFFS and the class on public works jobs, including by failing to pay employees the

15  correct Zone Pay under the applicable prevailing wage determination.

16      21.    CHALLENGER failed to pay the correct minimum prevailing wage to

17  PLAINTIFFS and the class on public works jobs, including by failing to properly pay employer

18  benefit contributions in the correct amount or failing to pay employer benefit contributions at all,

19  in violation of Labor Code § 1773.1.

20      22.    CHALLENGER failed to pay the correct minimum prevailing wage to

21  PLAINTIFFS and the class, including by regularly requiring them to travel to locations,

22  including but not limited to the shop or other worksites, in connection with these prevailing

23  wage jobs, to pick up or drop off materials or for other purposes, yet did not pay the workers the

24  correct minimum prevailing wage for these hours worked.

25      23.    Each GENERAL CONTRACTOR DEFENDANT knew of CHALLENGER's

26  failure to pay the correct minimum prevailing wage to PLAINTIFFS and the class on public

27  works jobs and failed to diligently take corrective action to halt or rectify the failure upon

28  becoming aware of it.

- 5 -

**Exhibit "A"**

24.    CHALLENGER failed to pay the same benefits to PLAINTIFFS and the class on both public works and private jobs, and therefore CHALLENGER failed to "annualize" the employer benefit contributions as required under Labor Code § 1773.1(d) and cannot receive the prevailing wage credit for public works projects on which it provides services.

25.    CHALLENGER violated Labor Code § 1777.5 by failing to pay to apprentices the proper prevailing wage rate on public works projects, failing to submit public works contract award information to and properly request apprentices from an approved apprenticeship program, failing to hire the appropriate ratio of apprentices to journeymen on public works projects, and failing to properly make apprenticeship training fund contributions on public works projects.

26.    CHALLENGER violated Labor Code §§ 1174 and 1776 by maintaining inaccurate certified payroll records ("CPRs") for PLAINTIFFS and the class on public works jobs in that, *inter alia*, these records did not accurately show all hours worked on the public works jobs.

27.    California Labor Code § 510 provides, *inter alia*, that eight hours of labor constitutes a day's work, and that any work in excess of eight (8) hours in one workday and any work in excess of 40 hours in one workweek must be compensated at an overtime rate of one and one-half times the regular rate of pay of the employee.  Labor Code § 510 further provides that any work in excess of 12 hours in one workday must be compensated at an overtime are of twice the regular rate of pay of the employee. Wage Order 16 sets forth the same requirement with respect to mandated overtime pay for employees working in on-site construction occupations.  Labor Code §§ 1810, 1811 and 1815 provides the same requirements for public works projects, and Wage Order 16 sets forth the same requirements with respect to mandated overtime and double time pay for employees working in on-site construction occupations.

28.    During their employment with CHALLENGER, PLAINTIFFS and the class worked more than eight hours in a day and more than 40 hours in a week, but were not paid the corresponding overtime rates of pay.

29.    During the time that PLAINTIFFS and the class worked for CHALLENGER, CHALLENGER made unlawful deductions from paychecks, in violation of Labor Code §§ 221 and 223, in that the deductions were not required or permitted by state or federal law, they were

- 6 -

**Exhibit "A"**

1    not expressly authorized in writing by the employees, and they were not deductions to cover

2    health and welfare or pension plan contributions expressly authorized by a collective bargaining

3    or wage agreement, as provided in Labor Code § 224.

4         30.    Labor Code § 226 provides that every employer is required, "semimonthly or at

5    the time of each payment of wages," to provide each of his or her employees an itemized wage

6    statement, including *inter alia,* the total hours worked by the employee (except for salaried

7    employees), and "all applicable hourly rates in effect during the pay period and the

8    corresponding number of hours worked at each hourly rate by the employee."

9         31.    During the respective periods that PLAINTIFFS and the class were employed by

10   CHALLENGER, CHALLENGER failed to provide full and accurate itemized wage statements

11   as required by Labor Code § 226. The wage statements provided by CHALLENGER to

12   PLAINTIFFS and to other members of the proposed class were incomplete and defective in that

13   they did not include and state the correct hourly rates (including the proper overtime hourly

14   rates) at which employees were paid and the correct "corresponding number of hours worked at

15   each hourly rate by the employee" as required by Labor Code § 226.

16        32.    CHALLENGER also violated Labor Code §226 by paying PLAINTIFFS and the

17   class in cash and not providing these employees with an itemized wage statement for these cash

18   payments explaining what, if any, deductions were taken from those wages paid in cash.

19        33.    CHALLENEGER failed to pay PLAINTIFFS and other class members, all wages

20   due and owing at termination or quit, in violation of Labor Code §§ 201 and 202.

21        34.    During the respective periods of employment with CHALLENGER,

22   PLAINTIFFS and class members were "aggrieved employees" of CHALLENGER. GENERAL

23   CONTRACTOR DEFENDANTS violated Labor Code § 2810(a) because they entered into

24   construction contracts with CHALLENGER where they knew or should have known that the

25   contracts did not contain sufficient funds to meet labor standards.    The GENERAL

26   CONTRACTOR DEFENDANTS failed to meet their rebuttable presumption that they did not

27   do so because they failed to complete the contract requirements of Labor Code §2810(d),

28   specifically items 3-9. Based on the GENERAL CONTRACTOR DEFENDANTS' familiarity

- 7 -

Exhibit "A"

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    DFTS000013

with the construction industry, knowledge of the absence of these items from the contracts means they should have known the contracts did not contain sufficient funds, as the absence of this information would make a reasonably prudent person inquire whether the contract contains sufficient funds to comply with the applicable laws. Therefore, the failure to include these items resulted in economic harm to the aggrieved employees of CHALLENGER.

35.   Defendants' conduct, alleged in paragraphs 9 to 34, resulted in loss of wages constituting economic harm and injury in fact to PLAINTIFFS and the class.

## CLASS ACTION ALLEGATIONS

36.   PLAINTIFFS bring this action on behalf of themselves and all others similarly situated as a class action under Code of Civil Procedure § 382. PLAINTIFFS seek to represent the class of all sheet metal workers who performed work for CHALLENGER between November 22, 2006 and the present. PLAINTIFFS also seek to represent the following sub-classes as follows:

(a)   all sheet metal workers who performed work for CHALLENGER on public works jobs between November 22, 2006 and the present who were not paid at the correct prevailing wage ("PREVAILING WAGE SUB-CLASS")

(b)   all sheet metal workers who performed work for CHALLENGER between November 22, 2006 and the present who were not paid an overtime premium for work over 8 hours in a day and 40 hours in a week ("OVERTIME SUB-CLASS");

(c)   all sheet metal workers who performed work for CHALLENGER between November 22, 2006 and the present who were not provided with accurate wage statements ("WAGE STATEMENT SUB-CLASS");

(d)   all sheet metal workers who performed work for CHALLENGER between November 22, 2006 and the present from whose pay CHALLENGER made unauthorized deductions, in violation of Labor Code §§ 221, 223, and Wage Order 16 ("UNAUTHORIZED DEDUCTION SUB-CLASS");

(e)   all sheet metal workers who performed work for CHALLENGER between November 22, 2006 and the present who were not paid all wages due and

**Exhibit "A"**

- 8 -

DFTS000014

owing at termination or quit, in violation of Labor Code §§ 201 and 201 ("WAITING TIME SUB-CLASS"); and

(f)     all sheet metal workers who performed work for CHALLENGER between November 22, 2006 and the present who worked under construction contracts that did not contain sufficient funds to meet labor standards, in violation of Labor Code § 2810 ("2810 SUB-CLASS").

37.     PLAINTIFFS reserve the right under Rule 3.765(b), California Rules of Court, to amend or modify the class and subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues.

38.     This action may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class are easily ascertainable.

**Numerosity**

39.     The members of the proposed class are so numerous that joinder of all the members of the class is impracticable.  While the precise number of class members has not been determined at this time, PLAINTIFFS are informed and believe that CHALLENGER currently employ approximately 100 sheet metal workers and has employed as many as 400 workers in the relevant time period.

40.     PLAINTIFFS allege CHALLENGER's records would provide information as to the number of all class members.

**Commonality**

41.     PLAINTIFFS raise common questions of law and fact that predominate over any questions affecting only individual class members.  These common questions of law and fact include, without limitation:

(a)     Whether CHALLENGER paid class members at the correct prevailing wage;

(b)     Whether CHALLENGER paid class members for hours worked over 8 in a day and 40 in a week at an overtime rate of pay;

///

- 9 -

**Exhibit "A"**

(c) Whether CHALLENGER violated Labor Code §§ 221, 223, and Wage Order 16 by making unauthorized deductions from employees' paychecks;

(d) Whether CHALLENGER violated Labor Code § 226 by failing to provide correct information on wage statements, such as hours worked, rates of pay, and lawful deductions made;

(e) Whether CHALLENGER will fully failed to pay all wages due and owing at quit or discharge, as required by Labor Code §§ 201 and 202;

(f) Whether PLAINTIFFS and the class worked under construction contracts that did not contain sufficient funds to meet labor standards, in violation of Labor Code § 2810; and

(g) Whether PLAINTIFFS and the class are entitled to equitable relief pursuant to Business and Professions Code §17200 *et seq.*

**Typicality**

42. The claims of the PLAINTIFFS are typical of the claims of the proposed class. PLAINTIFFS and all members of the proposed class sustained injuries and damages arising out of and caused by CHALLENGER's common course of conduct in violation of laws and regulations alleged herein.

**Superiority of Class Action**

43. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recovery by reason of CHALLENGER's illegal policies and/or practices.

44. Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most effective and economical for the parties and the judicial system. PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

///

- 10 -

**Exhibit "A"**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF **DFTS000016**

45.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all proposed class members is impractical.  Even if every proposed class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts if individual litigation of numerous cases would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, gives rise to fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each proposed class member. PLAINTIFFS do not anticipate difficulties in the management of this action.

## FIRST CAUSE OF ACTION

### (California Business and Professions Code §17200)

### (AGAINST ALL DEFENDANTS)

46.    PLAINTIFFS reallege and incorporate herein by reference the allegations of paragraphs 1 through 45 above as though set forth fully herein.

47.    The California Unfair Competition Law (hereinafter referred to as the "UCL"), Business and Professions Code § 17200, *et seq.*, defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.  The UCL "borrows violations" from other statutes and authorizes any person who has suffered injury in fact and who has lost money or property as a result of such unfair competition to bring an action for relief under the statute. The UCL also provides that a court may enjoin acts of unfair competition, issue declaratory and other equitable relief, and order restitution of money or property acquired by means of unfair competition.

48.    Beginning on an exact date unknown to PLAINTIFFS, but at least since November 22, 2006, CHALLENGER has committed acts of unfair competition proscribed by Business and Processions Code § 17200, *et seq.*, including the acts and practices alleged herein.

- 11 -

**Exhibit "A"**

1     CHALLENGER has engaged in unlawful and unfair business practices including, but not
2     limited to, violations of:

3             (a)      Labor Code §§ 201, 202 (payment of wages at termination or quit);

4             (b)      Labor Code § 204 (payment of wages);

5             (c)      Labor Code §§ 221, 223 and Wage Order 16 (unauthorized deductions);

6             (d)      Labor Code § 226(a) (itemized wage statements);

7             (e)      Labor Code §§ 510, 1810, and Wage Order 16 (overtime);

8             (f)      Labor Code § 1774 (payment of prevailing wages);

9             (g)      Labor Code §§ 1174, 1174.5, 1776 (failure to maintain accurate records);

10             (h)      Labor Code § 1194 (minimum and overtime wages); and

11             (i)      Labor Code § 2810 (contracts with insufficient funds).

12      49.     The violation of these laws serve as unlawful predicate acts result in economic
13 harm and injury in fact to PLAINTIFFS and class members for purposes of Business and
14 Professions Code § 17200, and remedies are provided therein under Business and Professions
15 Code §17203.

16      50.     Beginning on an exact date unknown to PLAINTIFFS, but at least since
17 November 22, 2006, GENERAL CONTRACTOR DEFENDANTS have committed acts of
18 unfair competition proscribed by Business and Proccessions Code § 17200, et seq., including the
19 acts and practices alleged herein. GENERAL CONTRACTOR DEFENDANTS have engaged
20 in unlawful and unfair business practices including, but not limited to, violations of Labor Code
21 § 2810 (contracts with insufficient funds).

22      51.     The violation of these laws serve as unlawful predicate acts and result in economic
23 harm and injury in fact to PLAINTIFFS and the class for purposes of Business and Professions
24 Code § 17200, and remedies are provided therein under Business and Professions Code § 17203.

25      52.     The acts and practices described in this Complaint constitute unlawful, unfair and
26 fraudulent business practices, and unfair competition, within the meaning of Business and
27 Professions Code § 17200 et seq.

28 ///

**Exhibit "A"**

DFTS000018

53. As a direct and proximate result of the aforementioned acts, Defendant received and continue to hold ill-gotten gains belonging to PLAINTIFFS and the class, in that Defendant has profited in that amount from their unlawful practices.

54. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and order disgorgement of all profits gained by Defendant by operation of the practices alleged therein. PLAINTIFFS and the class are entitled to restitution pursuant to Business and Professions Code §§ 17203 and 17208 for all wages unlawfully withheld from them during the four years prior to the filing of this Complaint. PLAINTIFFS will, upon leave of the Court, amend this Complaint to state such amounts when they become ascertained.

55. PLAINTIFFS' success in this action will enforce important rights affecting the public interest, and in that regard, PLAINTIFFS sue on behalf of themselves and others similarly situated. PLAINTIFFS seek and are entitled to unpaid wages, unpaid overtime, and injunctive relief, and any other remedy owing to PLAINTIFFS and the class.

56. The violations alleged above, are on-going, and will continue until and unless this Court enters an injunction barring such violations.

57. In order to prevent Defendants from profiting and benefiting from their wrongful and illegal acts, an order requiring Defendants to disgorge all of the profits and gains that they have reaped through their contracts is appropriate and necessary.

58. PLAINTIFFS are entitled to an award of attorneys' fees, costs and expenses incurred in this action pursuant Code of Civil Procedure §1021.5 and Labor Code §1194.

WHEREFORE, PLAINTIFFS pray for relief as set forth below.

## SECOND CAUSE OF ACTION
### (California Labor Code §§ 204, 1774 - Payment of Prevailing Wages)
### (AGAINST CHALLENGER)

59. PLAINTIFFS reallege and incorporate paragraphs 1 through 58, inclusive, as though fully set forth herein.

///

- 13 -

Exhibit "A"

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   DFTS000019

60.   Labor Code § 204 provides: "All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as regular paydays."

61.   Labor Code § 1774 provides: "The contractor to whom the contract is awarded, and any subcontractor under him, shall pay not less than the specified prevailing rates of wages to all workmen employed in the execution of the contract."

62.   CHALLENGER have unfairly and unlawfully failed to pay PLAINTIFFS and the class all prevailing wages earned in their employment on regular paydays, as established by Labor Code §§ 204 and 1774. CHALLENGER's failure to pay includes, but is not limited to: failing to pay for all hours worked, failing to properly pay employee benefit contributions, and failing to pay overtime.

63.   Labor Code §1194 provides for a private right of action to recover unpaid wages, including minimum wages such as the prevailing wage, and also provides for the recovery of attorney's fees and costs.  It states, in pertinent part:

> [A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

64.   Labor Code § 218 provides for a private right of action to recover wages and penalties under the Labor Code: "Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."

65.   PLAINTIFFS seek to recover unpaid wages and penalties directly under Labor Code §§ 1194 and 218.

66.   PLAINTIFFS are entitled to an award of attorneys' fees, costs and expenses incurred in this action pursuant Code of Civil Procedure § 1021.5 and Labor Code § 1194.

WHEREFORE, PLAINTIFFS pray for relief as set forth herein below.

///

///

///

- 14 -

**Exhibit "A"**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   **DFTS000020**

## THIRD CAUSE OF ACTION
### (California Labor Code §§ 510, 1810, 1811, 1815 and Wage Order 16 - Overtime Pay)

### (AGAINST CHALLENGER)

67.     PLAINTIFFS reallege and incorporate paragraphs 1 through 66, inclusive, as though fully set forth herein.

68.     Wage Order 16, provides, in pertinent part:

[E]mployees eighteen (18) years of age or over . . . shall not be employed more than eight (8) hours in any workday or more than forty (40) hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over forty (40) hours in the workweek.

69.     Labor Code § 510 provides, in pertinent part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of not less than twice the regular rate of pay of an employee.

70.     Labor Code § 1810 provides:

Eight hours of labor constitutes a legal day's work in all cases where the same is performed under the authority of any law of this State, or under the direction, or control, or by authority of any officer of this State acting in his official capacity, or under the direction, or control or by the authority of any municipal corporation, or of any officer thereof. A stipulation to that effect shall be made a part of all contracts to which the State or any municipal corporation therein is a party.

71.     Labor Code § 1811 provides:

The time of service of any workman employed upon public work is limited and restricted to 8 hours during any one calendar day, and 40 hours during any one calendar week, except as hereinafter provided for under Section 1815.

72.     Labor Code § 1815 provides:

Notwithstanding the provisions of Sections 1810 to 1814, inclusive, of this code, and notwithstanding any stipulation inserted in any contract pursuant to the requirements of said sections, work performed by employees of contractors in excess of 8 hours per day, and 40 hours during any one week, shall be permitted upon public work upon compensation for all hours worked in excess of 8 hours per day at not less than 1 ½ times the basic rate of pay.

- 15 -

Exhibit "A"

DFTS000021

73.   During their employment with CHALLENGER, PLAINTIFFS and the class worked more than eight hours in a day and more than 40 hours in a week, but were not paid the corresponding overtime rates of pay.

74.   Labor Code §1194 provides for a private right of action to recover overtime compensation and also provides for the recovery of attorney's fees and costs.   It states, in pertinent part:

> [A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

75.   PLAINTIFFS seek to recover all unpaid overtime wages and interest due to themselves and the class.

76.   PLAINTIFFS are entitled to an award of attorneys' fees, costs and expenses incurred in this action pursuant Code of Civil Procedure §1021.5 and Labor Code §1194.

WHEREFORE, PLAINTIFFS pray for relief as set forth herein below.

**FOURTH CAUSE OF ACTION**
**(California Labor Code §§ 221, 223, and Wage Order 16 – Unauthorized Deductions)**
**(AGAINST CHALLENGER)**

77.   PLAINTIFFS reallege and incorporate all the allegations in paragraphs 1 through 76, inclusive, as though fully set forth herein.

78.   Defendant has unfairly and unlawfully violated Labor Code §§ 221, 223, and Wage Order 16 by making unauthorized deductions from employees' paychecks.

79.   Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

80.   Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or contract."

81.   Labor Code § 224 provides, in pertinent part:
"The provisions of Section 221, 222 and 223 shall in no way make it unlawful for an employer to withhold or divert any portion of an

- 16 -

Exhibit "A"

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   DFTS000022

employee's wages when the employer is required or empowered to do so by state or federal law or when a deduction is expressly authorized in writing by the employee to cover insurance premiums, hospital or medical dues, or other deductions not amounting to a rebate or deduction from the standard wage arrived at by collective bargaining or pursuant to wage agreements or statute, or when a deduction to cover health and welfare or pension plan contributions is expressly authorized by a collective bargaining or wage agreement."

82.   Wage Order 16 provides, in pertinent part:

Deductions from Pay.

No employer shall collect or deduct from any employee any part of the wages that are paid unless such deductions are allowed by law.

83.   CHALLENGER has made deductions from the paychecks of PLAINTIFFS and the class that were neither required nor permitted by federal or state law, that were not expressly authorized in writing by the employees, and that were not to cover benefit contributions expressly authorized by a collective bargaining agreement.

84.   PLAINTIFFS seek to recover, for themselves and the class, all wages unlawfully deducted from employees' paychecks.

85.   PLAINTIFFS are entitled to an award of attorneys' fees, costs and expenses incurred in this action pursuant to Code of Civil Procedure § 1021.5 and Labor Code § 1194.

Wherefore, PLAINTIFFS pray for relief as set forth herein below.

## FIFTH CAUSE OF ACTION

### (California Labor Code § 226 - Itemized Wage Statements)

### (AGAINST CHALLENGER)

86.   PLAINTIFFS reallege and incorporate all the allegations in paragraphs 1 through 85 inclusive, as though fully set forth herein.

87.   Labor Code § 226 provides, in pertinent part:
      (a)   Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose

- 17 -

Exhibit "A"

DFTS000023

compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis...(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer....

(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request....

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer.

88.    Under Labor Code § 226(g), "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

89.    As a direct and proximate result of CHALLENGER's failure to pay PLAINTIFFS and other members of the proposed class the wages mandated by law, none of the statements provided by CHALLENGER to PLAINTIFFS and other members of the proposed class have accurately reflected actual gross wages earned, or net wages earned.   Additionally, those statements have failed to accurately reflect the deductions lawfully withheld by CHALLENGER. PLAINTIFFS seek penalties on the failure to provide accurate itemized statements and injunctive relief in the form of correct wage statements in the future.

///

**Exhibit "A"**

**DFTS000024**

90.     Because PLAINTIFFS and other members of the proposed class were not aware of what their true wages should be and how they were calculated, they suffered economic loss in the form of lower wages for their labor. Because they were unaware of what they were entitled to by law, they did not files claims earlier, including claims for penalties which they would have been entitled to had they understood CHALLENGER's deceptive pay practices. PLAINTIFFS and the class were further injured by the need to bring this action and the difficulty and expense encountered in attempting to reconstruct time and pay records, as well as by the need to perform mathematical calculations to determine if their pay was correct.

91.     The violations of Labor Code § 226 are on-going, and will continue until and unless this Court enters an injunction barring such violations.  PLAINTIFFS seek damages pursuant to Labor Code § 226(e) and (f), and injunctive relief pursuant to Labor Code § 226(g).

92.     PLAINTIFFS are entitled to an award of attorneys' fees, costs and expenses incurred in this action pursuant Code of Civil Procedure §1021.5 and Labor Code §226(g).

WHEREFORE, PLAINTIFFS pray for relief as set forth herein below.

### SIXTH CAUSE OF ACTION

#### (Labor Code § 203 – Waiting Time Penalties)

#### (AGAINST CHALLENGER)

93.     PLAINTIFFS reallege and incorporates all the allegations in paragraphs 1 through 92, inclusive, as though fully set forth herein.

94.     Labor Code § 201 states, in pertinent part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

95.     Labor Code § 202 states, in pertinent part, that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter[.]"

96.     Labor Code § 203 states, in pertinent part:
If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages or

- 19 -

Exhibit "A"

DFTS000025

an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

97.   As detailed above, CHALLENGER failed to pay PLAINTIFFS their wages in a timely manner upon discharge or quit, as required by Labor Code §§ 201 and 202. More than 30 days have passed since CHALLENGER was required to pay PLAINTIFFS these wages.

98.   Pursuant to Labor Code § 203, CHALLENGER owes PLAINTIFFS and the class waiting time penalties in the amount of thirty days of wages.

99.   PLAINTIFFS are entitled to an award of attorneys' fees, costs and expenses incurred in this action pursuant to Code of Civil Procedure § 1021.5 and Labor Code § 1194.

WHEREFORE, PLAINTIFFS pray for judgment as set forth herein below.

## SEVENTH CAUSE OF ACTION

### (Labor Code § 2810 – Contracts with Insufficient Funds)

### (AGAINST GENERAL CONTRACTOR DEFENDANTS)

100.   PLAINTIFFS reallege and incorporate all the allegations in paragraphs 1 through 99, inclusive, as though fully set forth herein.

101.   PLAINTIFFS and other members of the proposed class are "aggrieved employees" under Labor Code § 2810 which provides: "(a) A person or entity may not enter into a contract or agreement for **labor or services with a construction**, farm labor, garment, janitorial, or security guard **contractor**, where the person or entity knows or should know that the contract or agreement does not include funds sufficient to allow the contractor to comply with all applicable local, state, and federal laws or regulations governing the labor or services to be provided."

102.   General Contractor Defendants entered into contracts for construction labor services where they knew or should have known the contract or agreement did not include funds sufficient to allow the contractor to comply with all applicable local, state, and federal laws or regulations governing the labor or services to be provided.

///

- 20 -

**Exhibit "A"**

**DFTS000026**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

103.    There is a rebuttable presumption affecting the burden of proof that there has been no violation of subdivision (a) where the contract or agreement with a construction, farm labor, garment, janitorial, or security guard contractor meets all of the requirements in subdivision (d). See Labor Code § 2810(b).

104.    To meet the requirements of subdivision (b), a contract or agreement with a construction, farm labor, garment, janitorial, or security guard contractor for labor or services must be in writing, in a single document, and contain all of the following provisions, in addition to any other provisions that may be required by regulations adopted by the Labor Commissioner from time to time:

      (1)    The name, address, and telephone number of the person or entity and the construction, farm labor, garment, janitorial, or security guard contractor through whom the labor or services are to be provided.

      (2)    A description of the labor or services to be provided and a statement of when those services are to be commenced and completed.

      (3)    The employer identification number for state tax purposes of the construction, farm labor, garment, janitorial, or security guard contractor.

      (4)    The workers' compensation insurance policy number and the name, address, and telephone number of the insurance carrier of the construction, farm labor, garment, janitorial, or security guard contractor.

      (5)    The vehicle identification number of any vehicle that is owned by the construction, farm labor, garment, janitorial, or security guard contractor and used for transportation in connection with any service provided pursuant to the contract or agreement, the number of the vehicle liability insurance policy that covers the vehicle, and the name, address, and telephone number of the insurance carrier.

      (6)    The address of any real property to be used to house workers in connection with the contract or agreement.

      (7)    The total number of workers to be employed under the contract or agreement, the total amount of all wages to be paid, and the date or dates when those wages are to be paid.

      (8)    The amount of the commission or other payment made to the construction, farm labor, garment, janitorial, or security guard contractor for services under the contract or agreement.

- 21 -

Exhibit "A"

(9)     The total number of persons who will be utilized under the contract or agreement as independent contractors, along with a list of the current local, state, and federal contractor license identification numbers that the independent contractors are required to have under local, state, or federal laws or regulations.

(10)    The signatures of all parties, and the date the contract or agreement was signed.

105.    General Contractor Defendants and CHALLENGER have not included information related to numbers 3-9 in Labor Code § 2810, since at least November 22, 2006.

106.    Given General Contractors' knowledge of the construction industry, the failure of CHALLENGER to provide the information described in Paragraph 103, above, should have caused the General Contractor Defendants to inquire further whether their contracts with CHALLENGER contained sufficient funds to comply with applicable laws.

107.    Under Labor Code § 2810(g)(1):

An employee aggrieved by a violation of subdivision (a) may file an action for damages to recover the greater of all of his or her actual damages or two hundred fifty dollars ($250) per employee per violation for an initial violation and one thousand dollars ($1,000) per employee for each subsequent violation, and, upon prevailing in an action brought pursuant to this section, may recover costs and reasonable attorney's fees. An action under this section may not be maintained unless it is pleaded and proved that an employee was injured as a result of a violation of a labor law or regulation in connection with the performance of the contract or agreement.

108.    PLAINTIFFS seek all damages or penalties entitled to them and to other proposed class members under this section for the labor violations alleged in causes of action 1-6 above.

109.    Under Labor Code § 2810(g)(2) "An employee aggrieved by a violation of subdivision (a) may also bring an action for injunctive relief and, upon prevailing, may recover costs and reasonable attorney's fees."

110.    The violations of Labor Code § 2810 are on-going, and will continue until and unless this Court enters an injunction barring such violations. PLAINTIFFS seek such an injunction.

**Exhibit "A"**

- 22 -

111.     PLAINTIFFS are entitled to an award of attorneys' fees, costs and expenses incurred in this action pursuant Code of Civil Procedure §1021.5, Labor Code §1194, and Labor Code § 2810(g).

WHEREFORE, PLAINTIFFS pray for relief as set forth below.

### PRAYER FOR RELIEF

PLAINTIFFS pray for relief as follows:

1.     For an order certifying this action as a class action;

2.     For an award of all prevailing wages due to PLAINTIFFS and the class for the class period as defined by the Court at the time of certification;

3.     For an award of all unpaid overtime compensation due to PLAINTIFFS and the class for the class period as defined by the Court at the time of certification;

4.     For an award of all monies deducted without authorization from the pay of PLAINTIFFS and the class for the class period as defined by the Court at the time of certification;

5.     For an award of damages, penalties and injunctive relief pursuant to Labor Code § 226;

6.     For an award of penalties pursuant to Labor Code § 203;

7.     For an award of damages and injunctive relief pursuant to Labor Code § 2810;

8.     For pre-judgment interest to the extent permitted by law;

9.     For an award of damages, penalties and pre-judgment interest as set forth in this Prayer for Relief, lines 2 through 8, in excess of $5,000,000.00 (five million dollars).

10.    For an award of attorneys' fees and costs incurred in the filing and prosecution of this action;

11.    For an order requiring Defendants to pay restitution to PLAINTIFFS and the class due to Defendants' unlawful activities, pursuant to Business and Professions Code §§ 17200 through 17205;

12.    For an order declaring CHALLENGER's complained-of prevailing wage, overtime, and wage deduction practices to be unlawful and requiring CHALLENGER to cease

- 23 -

Exhibit "A"

1 | and desist from unlawful activities in violation of California Business and Professions Code

2 | § 17200; and

3 |      13.    For such other and further relief as the Court may deem proper.

4

5

6 | Dated: November 22, 2010           HAYES & CUNNINGHAM, LLP
7 |                                 RICARDO OCHOA

8

9 |                           By:_____

10 |                           RICARDO OCHOA
                               Attorneys for PLAINTIFFS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 24 -

**Exhibit "A"**
DFTS000030

# EXHIBIT "B"

EXHIBIT "B"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* CHALLENGER SHEET METAL, INC.,
THE AUGUSTINE COMPANY, ECHO PACIFIC CONSTRUCTION,
INC., JAYNES CORPORATION OF CALIFORNIA, and DOES 1-175

2010 NOV 22 P 2: 53

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRANDON DURAN and BYRON PEDROZA, individually and on
behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)*  Superior Court of California,<br>County of San Diego, Hall of Justice<br>330 W. Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2010-00104552-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dennis Hayes, Ricardo Ochoa, Hayes & Cunningham,LLP,3258 4th Ave.,San Diego,CA 92103-619-297-6900

| DATE: NOV 2 2 2010 | Clerk, by | C Beutler | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | C. Beutler | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Exhibit "B"
DFTS000031

# EXHIBIT "C"

EXHIBIT "C"

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Dennis J. Hayes, Esq. (SBN 123576)<br>Ricardo Ochoa, Esq. (SBN 206462)<br>Hayes & Cunningham, LLP<br>3258 Fourth Ave., San Diego, CA 92103<br>TELEPHONE NO.: 619-297-6900    FAX NO.: 619-297-6901<br>ATTORNEY FOR *(Name):* PLAINTIFFS | 2010 NOV 22  P 2: 53 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: **330 W. Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, CA 92101**
BRANCH NAME: **Hall of Justice**

CASE NAME:
**BRANDON DURAN, et al. v. CHALLENGER SHEET METAL, et al.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **37-2010-00104552-CU-OE-CTL** |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 7
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/22/10

Ricardo Ochoa
_____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**Exhibit C**
**DFTS000032**

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**Exhibit "C"**
DFTS000033

# EXHIBIT "D"

EXHIBIT "D"

OFFICIAL RECORDS BOOK · 1561

PHOTOGRAPHED BY S. WRIGHT JR. DEPUTY RECORDER

whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(8)  Trustee accepts this Trust when, this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

C.  The Undersigned Trustor Requests that a copy of any notice of default and of any notice of sale hereunder be mailed to him at his mailing address opposite his signature hereto.  Failure to insert such address shall be deemed a waiver of any request hereunder for a copy of such notices.

Mailing Address for Notices:

| Street and number | City | State | Signature of Trustor |
|---|---|---|---|
| 1339 E. 2nd St., | National City, | Calif. | OTTO Lablosh |
|  |  |  | SUSANNA Lablosh |

A. A. Durham, witness

STATE OF CALIFORNIA }  SS.
COUNTY OF SAN DIEGO }

On this 23rd day of September, 1943, before me, the undersigned, a Notary Public in and for said County, personally appeared OTTO Lablosh and SUSANNA Lablosh known to me to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same.

WITNESS my hand and official seal.

Viola G. Biles

Notary Public in and for said County and State.

Recorded at request of SOUTHERN TITLE & TRUST CO. OCT 1 1943 at 9 A.M.
...
By Deputy R. Cole.

LOOS

NO11/R1-13
...
...

Honorable Earl Warren,
Governor of California,
Sacramento, California.                                    SEP 8 1943

Sir:

The United States of America became vested with a valid title to certain land in San Diego County, California on December 24, 1942 pursuant to a declaration of taking filed on that date in the United States District Court for the Southern District of California in the case of United States of America v. 133,620 acres of land in San Diego and Orange Counties, California, Rand Lee Pfund, et al, Civil No. 197-SD. This land which is more fully and particularly described in the attached Exhibit "A" was acquired for the establishment of Camp Joseph H. Pendleton, a Marine Corp training area at Oceanside, California.

In accordance with the provisions of the Act of Congress approved October 9, 1940 (54 Stat., 1083), jurisdiction over the aforementioned land is hereby accepted by the Navy Department on behalf of the United States of America in the manner and form granted and ceded by an Act of the California Legislature approved March 12, 1872, as amended by Chapter 710 of the Statutes of 1939 (Sec. 34 of the Political Code of California, 1939).

There are enclosed two carbon copies of this letter of acceptance.  Their return in the enclosed franked envelope with your endorsement thereon of the time of the receipt of this acceptance will be appreciated.  One copy will be forwarded to the Attorney General of the United States and the other retained in the files of the Navy Department.

Very truly yours,

James Forrestal, Acting ——
Original of this letter received
Dated  9/13/43
————————————Governor.

Encls.
1. WD 9 carbon copies of 1 tr
CCs  Atty Gen CALIF
     Comdt USMC
Commanding General, FMFTC
Camp Elliott, SAN Diego, Calif.

Exhibit "D"
DFTS000034

OFFICIAL R _ RDS BOOK · 1561

PHOTOGRAPHED BY S. WRIGHT JR. DEPUTY RECORDER

Exhibit "A"

DESCRIPTION OF 133,636 ACRES, MORE OR LESS, LYING IN
ORANGE AND SAN DIEGO COUNTIES, CALIFORNIA. (RANCHO
SANTA TRABUCO AREA, RANCHO SANTA MARGARITA).

PARCEL "A"

Those portions of Rancho Santa Margarita y Las Flores, in San Diego County,
California, as shown on Record of Survey Map No. 744, filed in the office of the County
Recorder of said San Diego County, January 17, 1940, and of Rancho Mission Viejo in
Orange County, State of California, as shown on Record of Survey Map filed 2/18/43 in
Book 13, Page 5, in the office of the County Recorder of Orange County, bounded and de-
scribed as follows:

Beginning at the intersection of the westerly boundary line of said Rancho Santa
Margarita y Las Flores, (being also the line between San Diego County and Orange County),
and the Mean High Tide line of the Pacific Ocean, as shown on said Record of Survey Map
No. 744; thence S. 13° 13' 42.60" E. along said westerly boundary line, a distance of
14,636.34 feet, more or less, to Intersection Corner, as shown on said Record of Survey
Map No. 744; thence leaving said line between Orange and San Diego Counties, and running
in a general Northwesterly direction along the line delineated on said Record of Survey
Map of a portion of Rancho Mission Viejo, the following courses and distances:

| | | | | | |
|---|---|---|---|---|---|
| N. | 87° | 03' | 11" | E. | a distance of 317.38 feet; |
| N. | 46° | 34' | 44" | E. | a distance of 134.75 feet; |
| N. | 37° | 12' | 31" | E. | a distance of 213.16 feet; |
| N. | 16° | 13' | 33" | E. | a distance of 161.18 feet; |
| N. | 32° | 13' | 31" | E. | a distance of 1493.76 feet; |
| N. | 60° | 13' | 16" | E. | a distance of 490.52 feet; |
| | | | | | |
| N. | 77° | 16' | 36" | E. | a distance of 187.77 feet; |
| N. | 43° | 37' | 16" | E. | a distance of 475.90 feet; |
| N. | 30° | 31' | 31" | E. | a distance of 214.99 feet; |
| N. | 56° | 36' | 36" | E. | a distance of 1031.26 feet; |
| N. | 77° | 33' | 37" | E. | a distance of 7633.73 feet; |
| N. | 36° | 34' | 19" | E. | a distance of 3608.11 feet; |
| | | | | | |
| N. | 31° | 33' | 13" | E. | a distance of 966.69 feet; |
| N. | 36° | 33' | 36" | E. | a distance of 1143.39 feet; |
| N. | 10° | 13' | 33" | E. | a distance of 348.76 feet; |
| N. | 74° | 40' | 49" | E. | a distance of 100.77 feet; |
| N. | 39° | 31' | 19" | E. | a distance of 153.76 feet; |
| | | | | | |
| N. | 69° | 33' | 19" | E. | a distance of 266.78 feet; |
| N. | 33° | 33' | 37" | E. | a distance of 487.60 feet; |
| N. | 36° | 31' | 37" | E. | a distance of 404.95 feet; |
| N. | 33° | 33' | 33" | E. | a distance of 179.70 feet; |
| N. | 74° | 31' | 11" | E. | a distance of 95.90 feet; |
| N. | 76° | 31' | 17" | E. | a distance of 649.08 feet; |
| | | | | | |
| N. | 33° | 34' | 07" | E. | a distance of 437.79 feet; |
| N. | 64° | 39' | 47" | E. | a distance of 308.44 feet; |
| N. | 29° | 33' | 37" | E. | a distance of 204.61 feet; |
| N. | 71° | 13' | 39" | W. | a distance of 196.39 feet; |
| N. | 33° | 34' | 43" | E. | a distance of 340.70 feet; |
| N. | 39° | 33' | 37" | E. | a distance of 706.09 feet; |
| | | | | | |
| S. | 63° | 47' | 03" | E. | a distance of 183.63 feet; |
| S. | 60° | 37' | 37" | E. | a distance of 139.26 feet; |
| S. | 76° | 33' | 47" | E. | a distance of 238.16 feet; |
| S. | 66° | 33' | 07" | E. | a distance of 118.69 feet; |
| S. | 28° | 43' | 37" | E. | a distance of 333.16 feet; |
| S. | 67° | 53' | 47" | E. | a distance of 116.77 feet to a point on the San Diego County- |

Orange County line as shown on said Record of Survey Map of a portion of Rancho Mission
Viejo, said point being a Corner of the Rancho Santa Margarita y Las Flores bearing N. 0°
03' 18.5 E. a distance of 4999.52 feet from Mission Viejo Corner No. 7, as shown on said
Record of Survey Map No. 744; thence S. 43° 39' 58" E. along the boundary line of said
Rancho Santa Margarita, a distance of 9720.87 feet to Rancho Santa Margarita Corner No.
44 as shown on said Record of Survey Map No. 744; thence S. 16° 23' 33" E. a distance of
7393.26 feet to Rancho Santa Margarita Corner No. 45, as shown on said Record of Survey
Map No. 744; thence S. 10° 13' 19.8" W. a distance of 6290.58 feet to Rancho Santa Mar-
garita Corner No. 46, as shown on said Record of Survey Map No. 744; thence S. 89° 36' 10"
E. a distance of 1574.50 feet to a point; thence S. 79° 43' 39" E. a distance of 1035.56

Exhibit "D"
DFTS000035

OFFICIAL RECORDS BOOK  1561

feet to a point; thence S. 63° 51' 20" E. a distance of 615.97 feet to a point; thence S. 8° 06' 10" E. a distance of 792.76 feet to a point; thence S. 1° 43' 70" E. distance of 500.13 feet to a point; thence S. 79° 48' 40" E. a distance of 1068.03 feet to name Santa Margarita Corner No. 32 as shown on said Record of Survey Map No. 7741 thence S. 70° 52' 32.37" E. a distance of 17,684.98 feet to Rancho Santa Margarita Corner No. 33, as shown on said Record of Survey No. 7741 thence S. 54° 37' 05" E. a distance of 7961.02 feet to Rancho Santa Margarita Corner No. 34, as shown on said Record of Survey Map No. 7741 thence S. 13° 10' 08.84" E. a distance of 5102.00 feet to Rancho Santa Margarita Corner No. 35 as shown on said Record of Survey Map No. 7741 thence S. 17° 43' 13.44" E. a distance of 1623.33 feet to Rancho Santa Margarita Corner No. 36, as shown on said Record of Survey Map No. 7741 thence S. 11° 49' 30.68" E. a distance of 5275.63 feet to Rancho Santa Margarita Corner No. 37 as shown on said Record of Survey Map No. 7741 thence S. 50° 16' 08.33" E. a distance of 5227.84 feet to an intersection with the partition line as shown on Record of Survey Map No. 963, filed February 14, 1942 in the office of the County Recorder of San Diego County; thence in a general Southwesterly direction along said partition line the following courses and distances

S. 33° 44' 41" W. a distance of 2636.19 feet;
S. 15° 16' 17" W. a distance of 1146.78 feet;
S. 79° 08' 10" E. a distance of 1319.19 feet;
S. 30° 38' 40" W. a distance of 609.48 feet;
S. 66° 35' 18" W. a distance of 333.36 feet;
S. 38° 44' 10" W. a distance of 538.09 feet;

S. 63° 10' 40" W. a distance of 730.43 feet;
S. 5° 04' 40" W. a distance of 366.65 feet;
S. 36° 04' 17" W. a distance of 346.99 feet;
S. 72° 03' 18" W. a distance of 712.13 feet;
S. 62° 54' 16" W. a distance of 894.05 feet;
S. 60° 18' 47" W. a distance of 1487.40 feet;

S. 73° 13' 12" W. a distance of 618.33 feet;
S. 35° 23' 20" W. a distance of 464.34 feet;
S. 12° 18' 40" W. a distance of 266.03 feet;
S. 53° 17' 30" W. a distance of 433.09 feet;
S. 30° 43' 00" W. a distance of 948.54 feet;
S. 52° 18' 47" W. a distance of 228.76 feet;

S. 60° 23' 50" E. a distance of 1133.08 feet;
S. 14° 08' 00" W. a distance of 367.09 feet;
S. 07° 08' 00" W. a distance of 999.30 feet;
S. 51° 23' 30" W. a distance of 722.06 feet;
S. 21° 13' 34" W. a distance of 1412.51 feet;
S. 11° 13' 14" W. a distance of 458.33 feet;
S. 1° 14' 13" W. a distance of 293.90 feet;
S. 33° 33' 33" W. a distance of 369.60 feet;

S. 17° 14' 43" W. a distance of 938.97 feet;
S. 12° 33' 39" W. a distance of 530.33 feet;
S. 44° 43' 30" W. a distance of 332.03 feet;
S. 56° 38' 30" W. a distance of 608.26 feet;
S. 72° 06' 40" W. a distance of 437.18 feet;
S. 54° 54' 30" W. a distance of 137.08 feet;

S. 42° 07' 00" W. a distance of 188.35 feet;
S. 63° 14' 10" W. a distance of 369.48 feet;
S. 35° 38' 30" W. a distance of 461.09 feet;
S. 15° 38' 50" W. a distance of 748.83 feet;
S. 43° 58' 40" W. a distance of 295.18 feet;
S. 24° 18' 01" W. a distance of 549.55 feet;

S. 44° 20' 38" W. a distance of 1183.03 feet;
S. 15° 28' 33" W. a distance of 1376.37 feet;
S. 68° 30' 33" W. a distance of 662.07 feet;
S. 59° 23' 30" W. a distance of 764.63 feet;
S. 39° 20' 33" W. a distance of 1588.66 feet;
S. 75° 13' 50" W. a distance of 958.03 feet;

S. 53° 18' 00" W. a distance of 232.09 feet;
S. 71° 06' 23" W. a distance of 907.33 feet;
S. 02° 18' 43" W. a distance of 416.34 feet;
S. 33° 23' 00" W. a distance of 333.90 feet;
S. 12° 27' 31" W. a distance of 331.83 feet;
S. 50° 58' 12" W. a distance of 903.70 feet;

S. 16° 03' 04" W. a distance of 3890.47 feet;
S. 18° 33' 37" W. a distance of 3737.47 feet;
S. 12° 08' 04" W. a distance of 1879.19 feet;
S. 62° 24' 14" W. a distance of 1111.03 feet;
S. 29° 33' 38" W. a distance of 1466.03 feet;
S. 50° 43' 00" W. a distance of 283.36 feet;

PHOTOGRAPHED BY S. WRIGHT JR. DEPUTY REC

Exhibit "D"
DFTS000036

OFFICE RECORDS BOOK   [156]

PHOTOGRAPHED BY   S. WRIGHT JR.   DEPUTY RECORDER

```
S. 1° 33' 00" E. a distance of 109.26 feet;
S. 12° 42' 48" E. a distance of 172.17 feet;
S. 26° 07' 19" E. a distance of 601.62 feet;
S. 15° 54' 37" E. a distance of 533.16 feet;
S. 1° 11' 09" E. a distance of 1127.00 feet;
S. 29° 42' 00" E. a distance of 933.42 feet;

S. 9° 17' 08" E. a distance of 174.66 feet;
S. 20° 29' 19" E. a distance of 70.49 feet;
S. 3° 12' 48" E. a distance of 826.49 feet;
S. 14° 18' 03" E. a distance of 1032.43 feet;
S. 2° 45' 00" E. a distance of 46.08 feet;
S. 4° 29' 00" E. a distance of 73.07 feet to
```

the beginning of a curve concave to the northeast; thence southeasterly along said curve, having a radius of 1450 feet, through a central angle of 8° 30' 49", a distance of 215.49 feet; thence S. 52° 30' 48" E. tangent to said curve, a distance of 266.43 feet; thence S. 17° 39' 14" W. a distance of 70.69 feet; thence S. 36° 35' 35" E. a distance of 1146.13 feet; thence S. 13° 27' 15" W. a distance of 3430.70 feet more or less to the Mean High Tide Line of the Pacific Ocean, being the westerly boundary line of said Rancho Santa Margarita y Las Flores; thence Northwesterly along the Mean High Tide Line of the Pacific Ocean as shown on said Record of Survey Map No. 794, to the point of beginning. Containing an area of 52,428 acres more or less.

PARCEL "B"

That portion of the Rancho Santa Margarita y Las Flores, in the County of San Diego, State of California, as shown on Record of Survey Map No. 794 filed in the office of the County Recorder of said San Diego County January 17, 1940, bounded and described as follows:

Beginning at the intersection of the southeasterly boundary line of said Rancho Santa Margarita y Las Flores, and the Mean High Tide Line of the Pacific Ocean, as shown on said Record of Survey No. 794; thence along said southeasterly boundary line, S. 48° 04' 44" E. a distance of 51,452.52 feet more or less to Corner of Record of Survey No. 794; thence N. 7° 04' 52.96" E. along the Easterly boundary line of said Rancho Santa Margarita y Las Flores, as shown on said Record of Survey No. 794, a distance of 10,645.78 feet to a point on the southerly line of Section 3, Township 10 south, range 4 east, as shown on said Record of Survey No. 794; thence N. 89° 16' 29" W. a distance of 1,441.12 feet along the southerly lines of said Section 3, and Sections 3 and 4, township 10 south, range 4 east, to the southwesterly corner of said Section 4, as shown on said Record of Survey No. 794; thence N. 0° 47' 13.65" E. along the easterly line of said section 4, township 10 south, range 4 east, and Sections 33 and 28, township 9 south, range 4 east, to the centerline of the Santa Margarita River; thence in a general northwesterly direction along said centerline of the Santa Margarita River, being also the northwesterly and northerly boundary line of the Naval Ammunition Depot, Fallbrook, through Sections 28, 23, 22, 15 and 14, township 9 south, range 4 east, as shown on said Record of Survey Map No. 794, to an intersection with the south line of the northeast quarter of said section 14; thence easterly along the southerly line of said northeast quarter of section 14 to a point on the easterly line of said section 14, as shown on said Record of Survey Map No. 794; thence easterly along the southerly line of the north half of section 13, township 9 south, range 4 east, to an intersection with the easterly boundary of the Rancho Santa Margarita y Las Flores, as shown on said Record of Survey Map No. 794; thence N. 7° 04' 52.96" E. along said easterly boundary to corner no. 1 of said Rancho Santa Margarita y Las Flores as shown on said Record of Survey Map No. 794; thence S. 89° 29' 24" W. a distance of 1916.09 feet to Corner No. 63 of said Rancho Santa Margarita y Las Flores, as shown on said Record of Survey Map No. 794; thence S. 84° 08' 07.65" E. a distance of 3686.35 feet to corner No. 62 of said Rancho Santa Margarita y Las Flores, as shown on said Record of Survey Map No. 794; thence S. 58° 49' 13.46" W. a distance of 7456.95 feet to Corner No.

Exhibit "D"
DFTS000037

OFFICIAL R   ORDS BOOK   1561

PHOTOGRAPHED BY S. WRIGHT JR. DEPUTY RECORDER

Exhibit "D"

DFTS000038

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Recorder.

SEP 2 3 2003

*Annette J. Evans*

Recorder/County Clark
San Diego County, California

**Exhibit "D"**
**DFTS000039**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 22nd day of December 2010 and is available for viewing and downloading to the ECF registered counsel of record.  This also certifies that on this 22st day of December 2010, a true and correct copy of the within document was forwarded via U.S. Mail, postage prepaid, to the following counsel of record:

Via Electronic Service/ECF and U.S. Mail, postage prepaid:

**Attorney for Plaintiffs**:

Dennis J. Hayes, Esq. (SBN 123576)
E-Mail:  djh@sdlaborlaw.com
Ricardo Ochoa, Esq. (SBN 206462)
E-Mail:  ro@sdlaborlaw.com
Hayes & Cunningham, LLP
3258 Fourth Avenue
San Diego, California 92130
Telephone:  (619) 297-6900
Facsimile:  (619) 297-6901


DATED:  December 22, 2010          MARKS, GOLIA & FINCH, LLP


                                   By:   /s/ Mark T. Bennett
                                         MARK T. BENNETT
                                         JEFFREY B. BAIRD
                                         CHAD T. WISHCHUK
                                         Attorneys for Challenger Sheet Metal,
                                   Inc., The Augustine Company, Echo Pacific
                                   Construction, Inc., and Jaynes Corporation of
                                   California
                                   E-Mail:  mbennett@mgfllp.com

℞ JS 44 (Rev. 12/07) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **I. (a) PLAINTIFFS**<br>BRANDON DURAN and BYRON PEDROZA | **DEFENDANTS**<br>CHALLENGER SHEET METAL, INC., THE AUGUSTINE COMPANY, ECHO PACIFIC CONSTRUCTION, INC., JAYNES CORPORATION OF CALIFORNIA |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff <u>San Diego County</u><br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.<br>**'10 CV 2643 DMS BGS** |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Dennis J. Hayes, Esq./Ricardo Ochoa, Esq.<br>Hayes & Cunningham, LLP<br>3258 Fourth Avenue<br>San Diego, CA 92130<br>Telephone: (619) 297-6900; Facsimile: (619) 297-6901 | Attorneys (If Known)<br>Mark T. Bennett, Esq./Chad T. Wishchuk, Esq.<br>Marks, Golia & Finch, LLP<br>8620 Spectrum Center Boulevard, Suite 900<br>San Diego, CA 92123<br>Tele.: (858) 737-3100; FAX (858) 737-3101 |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med. Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities – Employment<br>☐ 446 Amer. w/Disabilities – Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☒ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus – Alien Detainee<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1331, 1441
Brief description of cause:
Claims for unfair business parties, violations of Labor Code, injunctive relief and attorneys fees.

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:** ☐ Yes ☒ No |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**
(See instructions:)   JUDGE _____   DOCKET NUMBER _____

| DATE<br>December 22, 2010 | SIGNATURE OF ATTORNEY OF RECORD<br>Mark T. Bennett, Esq. */s/* |
|---|---|

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse  (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.       **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.       **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.      **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**            Example:        U.S. Civil Statute: <u>47 USC 553</u>
                                                                        Brief Description: <u>Unauthorized reception of cable service</u>

VII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com