MARK T. BENNETT, SBN 199280
E-Mail: mbennett@mgfllp.com
CHAD T. WISHCHUK, SBN 214779
E-Mail: cwishchuk@mgfll.com
DANIEL P. SCHOLZ, SBN 264786
E-Mail: dscholz@mgfllp.com

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
8620 SPECTRUM CENTER BOULEVARD – SUITE 900
SAN DIEGO, CALIFORNIA 92123-1489
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Challenger Sheet Metal, Inc., The Augustine Company, Echo Pacific Construction, Inc., and Jaynes Corporation of California

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON DURAN and BYRON PEDROZA, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CHALLENGER SHEET METAL, INC., a California corporation; THE AUGUSTINE COMPANY, a California corporation ECHO PACIFIC CONSTRUCTION, INC., a California corporation JAYNES CORPORATION OF CALIFORNIA, a California corporation and DOES 1-750,<br><br>    Defendants. | CASE NO: 10CV2643 DMS BGS<br><br>ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA<br><br>DEMAND FOR JURY TRIAL<br><br>Assigned to:<br>Hon. Dana M. Sabraw<br>Hon. Bernard G. Skomal<br><br>Complaint Filed: November 22, 2010<br>Trial Date:       Not Set |

Defendant Challenger Sheet Metal, Inc. ("Defendant"), answers the unverified complaint ("Complaint") of plaintiffs Brandon Duran and Byron Pedroza, individually and on behalf of all others similarly situated (collectively "Plaintiffs"), as follows:

1

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

## PARTIES

1. Defendant admits only that plaintiff Duran was employed by Defendant from time-to-time during the approximate time alleged in paragraph 1 of the Complaint. As the term "sheet metal journeyman" is not defined, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1, and accordingly denies the allegations of paragraph 1.

2. Defendant admits that plaintiff Pedroza was employed by Defendant from time-to-time during the approximate time alleged in paragraph 2 of the Complaint. As the term "sheet metal journeyman" is not defined, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 2, and accordingly denies the allegations of paragraph 2.

3. Defendant admits that it is a California corporation that does business in California and is an employer. Except as specifically admitted, Defendant denies the allegations in paragraph 3.

4. Defendant admits the allegations of the first sentence in paragraph 4, although it does and has possessed other licenses as well. As the terms "sheet metal work" and "construction craft work" are not defined, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in the second sentence of paragraph 4, and accordingly denies the allegations of the second sentence of paragraph 4.

5. As the term "sheet metal work" is not defined, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 5, and accordingly denies the allegations of paragraph 5 except that Defendant admits it is and has been an employer on construction projects.

6. Defendant admits that it has entered into construction contracts with The Augustine Company and some of those contracts concerned public works. Except as specifically admitted, the allegations of paragraph 6 are denied.

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

7.     Defendant admits that it has entered into construction contracts with Echo Pacific Construction, Inc., and some of those contracts concerned public works.  Except as specifically admitted, the allegations of paragraph 7 are denied.

8.     Defendant admits that it has entered into construction contracts with Jaynes Corporation of California and some of those contracts concerned public works.  Except as specifically admitted, the allegations of paragraph 8 are denied.

9.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 9, and accordingly denies the allegations of paragraph 9 and specifically denies that damages were suffered by anyone.

10.    Defendant denies the allegations of paragraph 10.

11.    Defendant denies the allegations of paragraph 11.

12.    Defendant denies that jurisdiction or venue is in the San Diego Superior Court.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations regarding principal offices of other defendants in paragraph 12, and accordingly denies the remaining allegations of paragraph 12.

## FACTUAL ALLEGATIONS

13.    As the terms "sheet metal" and "sheet metal work" are not defined, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 13, and accordingly denies the allegations of paragraph 13.

14.    Defendant denies the allegations of paragraph 14.

15.    The allegations of paragraph 15 constitute a legal conclusion to which Defendant need not respond.

16.    As the term "services" is not defined and the alleged projects are not specifically defined, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 16, and accordingly denies the allegations of paragraph 16.

3

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

17. The allegations of paragraph 17 constitute a legal conclusion to which Defendant need not respond.

18. Defendant admits only that Plaintiffs were employed at times as hourly employees and performed some on-site construction work, but denies the remaining allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23 and specifically denies that it failed to pay the minimum prevailing wage.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. The allegations of paragraph 27 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 27 on this basis.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. The allegations of paragraph 30 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 30 on this basis.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

4

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

## CLASS ACTION ALLEGATIONS

36. Defendant denies the allegations of paragraph 36 and all subdivisions of paragraph 36.

37. The allegations of paragraph 37 constitute a legal conclusion to which Defendant need not respond.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant admits that Plaintiffs allege that "Challenger's records would provide information as to the number of all class members." Except as specifically admitted, Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41 and all subdivisions of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

## FIRST CAUSE OF ACTION

46. Defendant incorporates by reference its answer to paragraphs 1 through 45 above as though set forth in full at this point.

47. The allegations of paragraph 47 contain an incomplete description of the California Business & Professions Code, and accordingly Defendant denies the allegations of paragraph 47 on this basis.

48. Defendant denies the allegations of paragraph 48 and all subdivisions of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

| | |
|---|---|
| 1 | 52. Defendant denies the allegations of paragraph 52. |
| 2 | 53. Defendant denies the allegations of paragraph 53. |

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

## SECOND CAUSE OF ACTION

59. Defendant incorporates by reference its answer to paragraphs 1 through 58 above as though set forth in full at this point.

60. The allegations of paragraph 60 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 60 on this basis.

61. The allegations of paragraph 61 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 61 on this basis.

62. Defendant denies the allegations of paragraph 62.

63. The allegations of paragraph 63 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 63 on this basis.

64. The allegations of paragraph 64 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 64 on this basis.

65. Defendant denies the allegations of paragraph 65.

66. Defendant denies the allegations of paragraph 66.

/ / / / /

/ / / / /

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

## THIRD CAUSE OF ACTION

67. Defendant incorporates by reference its answer to paragraphs 1 through 66 above as though set forth in full at this point.

68. The allegations of paragraph 68 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 68 on this basis.

69. The allegations of paragraph 69 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 69 on this basis.

70. The allegations of paragraph 70 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 70 on this basis.

71. The allegations of paragraph 71 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 71 on this basis.

72. The allegations of paragraph 72 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 72 on this basis.

73. Defendant denies the allegations of paragraph 73.

74. The allegations of paragraph 74 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 74 on this basis.

75. Defendant denies the allegations of paragraph 75.

76. Defendant denies the allegations of paragraph 76.

## FOURTH CAUSE OF ACTION

77. Defendant incorporates by reference its answer to paragraphs 1 through 76 above as though set forth in full at this point.

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

78. Defendant denies the allegations of paragraph 78.

79. The allegations of paragraph 79 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 79 on this basis.

80. The allegations of paragraph 80 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 80 on this basis.

81. The allegations of paragraph 81 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 81 on this basis.

82. The allegations of paragraph 82 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 82 on this basis.

83. Defendant denies the allegations of paragraph 83.

84. Defendant denies the allegations of paragraph 84.

85. Defendant denies the allegations of paragraph 85.

<u>FIFTH CAUSE OF ACTION</u>

86. Defendant incorporates by reference its answer to paragraphs 1 through 85 above as though set forth in full at this point.

87. The allegations of paragraph 87 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 87 on this basis.

88. The allegations of paragraph 88 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 88 on this basis.

89. Defendant denies the allegations of paragraph 89.

90. Defendant denies the allegations of paragraph 90.

8

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

91. Defendant denies the allegations of paragraph 91.

92. Defendant denies the allegations of paragraph 92.

## SIXTH CAUSE OF ACTION

93. Defendant incorporates by reference its answer to paragraphs 1 through 92 above as though set forth in full at this point.

94. The allegations of paragraph 94 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 94 on this basis.

95. The allegations of paragraph 95 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 95 on this basis.

96. The allegations of paragraph 96 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 96 on this basis.

97. Defendant denies the allegations of paragraph 97.

98. Defendant denies the allegations of paragraph 98.

99. Defendant denies the allegations of paragraph 99.

## SEVENTH CAUSE OF ACTION

100. Defendant incorporates by reference its answer to paragraphs 1 through 99 above as though set forth in full at this point.

101. Defendant denies the allegations of paragraph 101.

102. Defendant denies the allegations of paragraph 102.

103. The allegations of paragraph 103 constitute a legal conclusion to which Defendant need not respond and is denied in any event.

104. The allegations of paragraph 104 constitute a legal conclusion to which Defendant need not respond and is denied in any event.

105. Defendant denies the allegations of paragraph 105.

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

106. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 106, and accordingly denies the allegations of paragraph 106.

107. The allegations of paragraph 107 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 107 on this basis.

108. Defendant denies the allegations of paragraph 108.

109. The allegations of paragraph 109 contain an incomplete description of the California Labor Code, and accordingly Defendant denies the allegations of paragraph 109 on this basis.

110. Defendant denies the allegations of paragraph 110.

111. Defendant denies the allegations of paragraph 111.

The remaining portions of the Complaint constitute a prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

Without admitting to any allegation of the Complaint, Defendant asserts the following affirmative defenses:

### First Affirmative Defense

Defendant asserts that each and every one of Plaintiffs' causes of action or claims for relief fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant asserts that each and every one of Plaintiffs' claims are barred under the doctrines of estoppel and waiver.

### Third Affirmative Defense

Defendant asserts that each and every one of Plaintiffs' claims are barred by the doctrine of laches.

/ / / / /

10

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

### Fourth Affirmative Defense

Defendant asserts that each and every one of Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

Defendant asserts that Plaintiffs' failed to mitigate their damages, if any.

### Sixth Affirmative Defense

Defendant asserts that each and every one of Plaintiffs' claims are barred by the applicable statute of limitations.

### Seventh Affirmative Defense

Defendant asserts that Plaintiffs have suffered no damages as a result of any of Defendant's actions.

### Eighth Affirmative Defense

Defendant asserts that the alleged damages, if any, are the responsibility of a third-party or third parties not named in this action.

### Ninth Affirmative Defense

Defendant asserts that Plaintiffs has failed to join a necessary party.

### Tenth Affirmative Defense

Defendant asserts that Plaintiffs' action is barred by their written, oral or implied waiver of known rights.

### Eleventh Affirmative Defense

Defendant asserts that, without admitting the allegations of the Complaint, if Plaintiffs suffered any loss or damage in this action, it resulted from the active and primary conduct, negligence and breaches of Plaintiffs.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

### Twelfth Affirmative Defense

Defendant asserts that Plaintiffs failed to perform all terms, conditions and covenants required under the agreements alleged in the Complaint and such failure completely released, excused and discharged Defendant from any and all obligations allegedly owed to Plaintiffs.

### Thirteenth Affirmative Defense

Defendant asserts it substantially performed its duties, obligations, and requirements, arising from the agreements alleged in the Complaint and, therefore, Plaintiffs have no factual or legal basis to assert any cause of action based thereon.

### Fourteenth Affirmative Defense

Defendant asserts all actions of Defendant were reasonable and in good faith and were not willful.

### Fifteenth Affirmative Defense

Defendant asserts Plaintiffs' damages, if any, were caused by their own negligent and/or tortious and/or wrongful conduct. As a result, Plaintiffs may not recover damages from Defendant.

### Sixteenth Affirmative Defense

Defendant asserts any and all sums allegedly due and owing to Plaintiffs have been satisfied and extinguished by payment to Plaintiffs.

### Seventeenth Affirmative Defense

Defendant asserts that Plaintiffs' claims are subject to a set-off.

### Eighteenth Affirmative Defense

Defendant asserts that Plaintiffs failed to comply with all applicable state and federal statutory prerequisites to recovery from Defendant and failed to exhaust all applicable state and federal administrative and contractual remedies.

/ / / / /

12

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

<u>Nineteenth Affirmative Defense</u>

Defendant asserts that Plaintiffs lacks standing to pursue each and every one of its claims.

<u>Twentieth Affirmative Defense</u>

Defendant asserts that Plaintiffs' state claims are preempted by federal law, including the federal-enclave doctrine.

<u>Twenty-First Affirmative Defense</u>

Plaintiffs' claims under the California Unfair Competition Law, California Business & Professions Code § 12200, et seq., are barred because they seek to recover amounts to which Plaintiffs are not entitled under the statute.

<u>Twenty-Second Affirmative Defense</u>

The Complaint fails to allege facts which would support a claim for attorneys' fees.

<u>Twenty-Third Affirmative Defense</u>

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Therefore, Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be applicable.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendant prays:

1. That Plaintiffs take nothing by reason of their Complaint and that judgment be rendered in favor of Defendant;

2. That Defendant be dismissed with prejudice;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including reasonable attorneys' fees; and

/ / / / /

13

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

1    4.    For such other relief as the Court deems just and proper.

2  DATED: December 29, 2010    Respectfully submitted,

3    MARKS, GOLIA & FINCH, LLP

5    By: */s/ Daniel P. Scholz*
6    MARK T. BENNETT
    CHAD T. WISHCHUK
    DANIEL P. SCHOLZ
7    Attorneys for Defendants Challenger Sheet Metal, Inc., The Augustine Company, Echo Pacific Construction, Inc., and Jaynes Corporation of California

26  1143.004/30Q7902.dvg

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

ANSWER OF CHALLENGER SHEET METAL, INC. TO THE UNVERIFIED COMPLAINT OF BRANDON DURAN AND BYRON PEDROZA

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 29th day of December 2010 and is available for viewing and downloading to the ECF registered counsel of record. This also certifies that on this 29th day of December 2010, a true and correct copy of the within document was forwarded via U.S. Mail, postage prepaid, to the following counsel of record:

<u>Via Electronic Service/ECF and U.S. Mail, postage prepaid:</u>

**Attorneys for Plaintiff**:

Dennis J. Hayes, Esq. (SBN 123576)
E-Mail: djh@sdlaborlaw.com
Ricardo Ochoa, Esq. (SBN 206462)
E-Mail: ro@sdlaborlaw.com
Hayes & Cunningham, LLP
3258 Fourth Avenue
San Diego, California 92130
Telephone: (619) 297-6900
Facsimile: (619) 297-6901

DATED: December 29, 2010     MARKS, GOLIA & FINCH, LLP

By:  */s/ Daniel P. Scholz*
     DANIEL P. SCHOLZ
Attorneys for Defendants Challenger Sheet Metal, Inc., The Augustine Company, Echo Pacific Construction, Inc., and Jaynes Corporation of California
E-mail: dscholz@mgfllp.com

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100