# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON DURAN, et al., <br><br> Plaintiffs, <br> vs. <br><br> CHALLENGER SHEET METAL, INC., et al. <br><br> Defendants. | CASE NO. 10CV2643 DMS (BGS) <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND DENYING MOTION FOR REMAND WITHOUT PREJUDICE** |

Pending before the Court are Plaintiffs' motions for leave to file a Second Amended Complaint ("SAC") and for remand of the action. (Docs. 26, 27.) For the following reasons, Plaintiffs' motion for leave to file a SAC is granted and Plaintiffs' motion for remand is denied without prejudice.

As to Plaintiffs' motion for leave to file a SAC, Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend] when justice so requires." Leave to amend should be freely given unless the opposing party makes a showing of undue prejudice, bad faith, futility of amendment, or dilatory motive on the part of the moving party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). Here, Defendants argue Plaintiffs' proposed amendment regarding the alleged citizenship of the proposed class members is in bad faith, would be futile, and would cause substantial prejudice to Defendants. However, as Plaintiff's acknowledge in their reply, "as a matter of law, granting Plaintiffs' motion for leave to file the proposed SAC would not prejudice Defendants because

1 Plaintiffs would still need to prove the citizenship of the proposed class." (Mot. to Amend Reply at 3, citing *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1015 (9th Cir. 2011)("Unlike the words 'sought' and 'alleged,' used in [28 U.S.C. § 1332(d)(4)(A)(i)(II)] subsections (aa) and (bb), the word 'is,' used in subsection (cc), indicates that an actual fact must be established.").) Accordingly, Plaintiffs' motion for leave to file a SAC is granted. The Second Amended Complaint lodged by Plaintiffs with the Court as Exhibit 1 is deemed filed as of the date of this Order and shall be separately entered on the docket by the Clerk. (Doc. 27-3.)

Plaintiffs also move to remand the action to state court on the basis that the Court lacks jurisdiction over the action under both the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and federal enclave jurisdiction. The Court is not persuaded that it lacked jurisdiction at the time of removal under the federal enclave doctrine, and, in light of the Court's apparent jurisdiction under CAFA, it declines to exercise its discretion to remand the action despite the present lack of federal enclave jurisdiction. With respect to CAFA, Plaintiffs argue they are entitled to mandatory remand under 28 U.S.C. § 1332(d)(4)(A) or (B), both of which require Plaintiffs to establish, among other things, two-thirds or more of the proposed Plaintiff class are citizens of California, or discretionary remand under 28 U.S.C. § 1332(d)(3), which requires Plaintiffs to establish, among other things, at least one-third of the proposed Plaintiff class are citizens of California.

In support of their claim to have established the requisite citizenship of the proposed class members, Plaintiffs submit the Declaration of Dr. April Linton. Dr. Linton, a professor and expert in statistical analysis, concludes, based upon the addresses of what she deems to be a random sample of 18 of the estimated 400 putative class members, "had even one (1) of the 18 addresses shown an address outside of California, . . . I would be 95% confident that between 89.65% and 100% of the 400 estimated employees in the proposed class have a last known address within California. Since all 18 of the addresses in the random sample were within California, it is my opinion that this increases the likelihood that all 400 addresses will be within California." (Linton Decl. ¶ 13.) Defendants object to the testimony of Dr. Linton on the basis that it is an improper use of expert testimony, uses unreliable methodology, relies upon hearsay, is irrelevant, and consideration of it would unfairly prejudice Defendants. However, even if the Court were to fully accept the testimony of Dr. Linton,

1  Plaintiffs have, at best, established a "high likelihood that over 89.65% of the class members are
2  residents of California." (Mot. to Remand Reply at 5.) The burden is on Plaintiffs to establish the
3  applicability of any of the statutory exceptions under CAFA. *See Serrano v. 180 Connect, Inc.*, 478
4  F.3d 1018, 1024 (9th Cir. 2007). The Court is not persuaded Plaintiffs have met this burden with the
5  testimony of Dr. Linton. Accordingly, Plaintiffs' motion to remand is denied without prejudice.
6      In the alternative, Plaintiffs request an opportunity to conduct limited discovery to determine
7  the citizenship of the proposed class members as of the filing of the Complaint. The Court does not
8  find such discovery, which may be burdensome and expensive, warranted at this time. However, as
9  Plaintiffs' motion to remand is denied without prejudice, Plaintiffs may renew such motion at a later
10 date should they obtain sufficient proof that an exception to CAFA jurisdiction exists in this action.
11     **IT IS SO ORDERED.**
12 DATED: March 30, 2011

HON. DANA M. SABRAW
United States District Judge