# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON DURAN, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br>　vs.<br><br>CHALLENGER SHEET METAL, INC., *et al*.,<br><br>　　　　　　　　Defendants. | CASE NO. 10cv2643 DMS (BGS)<br><br>**ORDER GRANTING WITH MODIFICATIONS JOINT MOTION REGARDING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PARTIAL DISMISSAL** |

In this wages and hours action, the parties reached a settlement and seek an order conditionally certifying a settlement class, preliminarily approving the settlement agreement, and approving the proposed notice of class certification and settlement. For the reasons which follow, the joint motion is **GRANTED WITH MODIFICATIONS** to the proposed notice of class action.

In their third amended complaint the named Plaintiffs assert claims under California Labor Code for failing to pay the proper minimum wage for all hours worked; failing to pay sufficient overtime; taking unauthorized deductions from employees' paychecks; failing to provide accurate itemized wage statements as required by law; failing to pay employees all wages due at resignation or
termination; and failing to provide adequate funds in construction contracts. They also assert a claim pursuant to California Business & Professions Code Section 17200. They requested declaratory and injunctive relief prohibiting Defendants from committing future violations, an order imposing

statutory

/ / / / /

and/or civil penalties, restitution according to proof, and attorneys' fees and costs. The parties have settled their claims and, for settlement purposes only, agreed to class certification.

In general, the Conditional Settlement Agreement dated October 14, 2011 (Decl. of Ricardo Ochoa, Ex. 1 ("Settlement Agreement")) provides for Defendant Challenger Sheet Metal, Inc. ("Challenger") to pay $350,000 to be allocated as follows:  (1) a maximum of $76,000 for attorneys' fees and costs, subject to an appropriate motion, which Defendants would not oppose; (2) a maximum of $24,000 for enhancement awards to the three named Plaintiffs, subject to an appropriate motion, which Defendants would not oppose; (3) $8,000 for claim administration expenses pursuant to a firm quote from the agreed-upon claims administrator Simpluris, Inc. (Decl. of Ricardo Ochoa, Ex. 2); (4) estimated $18,000 in Challenger's portion of employer taxes; and (5) the balance of approximately $224,000 to be divided among class members pro-rata based on their total hours worked for Challenger during the class period on construction projects other than federal projects.  (Mem. of P.&A. at 4; Settlement Agreement ¶¶ 2.2 & 1.)  In exchange, Plaintiffs abandoned their claims for any other relief against Challenger and any relief against other named Defendants, and they agreed to a release of known and unknown claims.  The proposed settlement class consists of all past and present employees of Challenger who performed construction work for Challenger during the period of time from November 22, 2006, to October 14, 2011, but excluding those who were employed by Challenger only on federal projects during that period of time.

**Settlement Class Certification**

Before it can approve a class action settlement agreement, the court must make a finding that a class could be certified. *See, e.g., Molski v. Gleich*, 318 F.3d 937, 943, 946-50 (9th Cir. 2003), *rev'd on other grounds by Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010).  In this regard, Federal Rule of Civil Procedure 23 contains two sets of class certification requirements set forth in Rule 23(a) and (b). *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010).  Where, as here, the court "is confronted with a request for settlement-only certification, the court must look to the factors

designated to protect absentees." *Molski*, 318 F.3d at 953 (internal quotation marks and citations omitted).

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. The Rule's four requirements – numerosity, commonality, typicality, and adequate representation – effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S.Ct. 2541, 2550-51 (2011) (internal quotation marks and citations omitted).

The proposed class consists of approximately 166 members. Joinder of all members is therefore impracticable for purposes of Federal Rule of Civil Procedure 23(a)(1).

Certification also requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement is met through the existence of a "common contention" that is of "such a nature that it is capable of classwide resolution[.]" *Dukes*, 131 S.Ct. at 2551. Because the action is premised on Challenger's policies which were applied to all putative class members and named Plaintiffs, the case meets this requirement.

The typicality requirement of Rule 23(a)(3) is met if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[R]epresentative claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Because the named Plaintiffs assert the same claims arising out of the same compensation policies, they meet the typicality requirement.

Finally, Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." This requirement is grounded in constitutional due process concerns; "absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon*, 150 F.3d at 1020, citing *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940). In reviewing this issue, courts must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id*. (citation omitted). Based on the counsel's experience in labor law and class action litigation and the efforts he and the

named Plaintiffs have made so far to investigate and litigate this case, the adequacy requirement is met.  (*See* Decl. of Ricardo Ochoa at 1-3.)

"Where a putative class satisfies all four requirements of Rule 23(a), it must still meet at least one of the three additional requirements outlined in Rule 23(b) in order to be eligible for certification." *United Steel*, 593 F.3d at 806.  The parties seek certification under Rule 23(b)(3), which is proper when "the questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Proc. 23(b)(3).

"The predominance inquiry focuses on the relationship between the common and individual issues and tests whether the proposed class [is] sufficiently cohesive to warrant adjudication by representation." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) (internal quotation marks, footnote and citation omitted).  The parties agree that all putative class members were subject to the same policies.  On the other hand, it is apparent from the proposed claim-submission process that each class member's share of the settlement is subject to individual determination.  This, however, does not defeat class certification because the amount of damages is invariably an individual question.  *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010).  The parties therefore meet the predominance requirement.

Last, the superiority inquiry requires the consideration of:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. Proc. 23(b)(3). This inquiry "requires the court to determine whether maintenance of this litigation as a class action is efficient and whether it is fair," such that the proposed class is superior to other methods for adjudicating the controversy. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175-76 (9th Cir. 2010). Individual actions by putative class members would be expensive and

time-consuming for the parties and the Court and would create the risk of conflicting decisions. The parties are unaware of any other action begun regarding the claims presented here and represent that they are unaware of any difficulties in managing this action if the class is certified. The superiority requirement is therefore also met in this case.

Based on the foregoing, the joint motion for certification of a settlement class is **GRANTED**. Pursuant to the parties' agreement, the certification is for settlement purposes only.

**Preliminary Fairness Determination**

Rule 23(e) requires court approval of class action settlements. A class action settlement may be approved only based on a finding that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. Proc. 23(e)(1)(C). The settlement proponents ultimately bear the burden to show that the proposed settlement meets this standard. *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *see also Officers for Justice v. Civil Svc. Comm'n. of the City and County of San Francisco*, 699 F.2d 615, 625 (9th Cir. 1982); *Molski*, 318 F.3d at 953. The factors relevant to the inquiry include the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed; the stage of the proceedings; and the experience and views of counsel. *Staton*, 327 F.3d at 959. "[S]ettlements that take place prior to formal class certification require a higher standard of fairness." *Molski*, 318 F.3d at 953 (internal quotation marks and citations omitted).

Prior to settling this case, Plaintiffs filed motions to remand or for limited discovery, for leave to amend, and to strike affirmative defenses. (Decl. of Ricardo Ochoa at 2.) The operative complaint at this stage of litigation is the third amended complaint. The settlement was reached after Plaintiffs' investigation, informal discovery between the parties, and arm's-length negotiations assisted by Magistrate Judge Skomal. (*Id.*) Plaintiffs decided to accept Defendants' offer based on the weaknesses they perceive in their case and the fact that some of their claims present issues where the law is unsettled. (*See* Mem. of P.&A. at 10.) In addition, both sides decided that avoiding delay in resolving the case and the risks of litigation was to their benefit. The settlement assures that in a relatively short period of time each class member will receive a payment of several hundred or over a thousand dollars, depending on the amount of hours worked. Finally, Plaintiffs weighed the risk

arising from Challenger's financial situation, which could make it difficult to survive protracted

/ / / / /

litigation. Plaintiffs' counsel has therefore recommended accepting the settlement. Based on the foregoing, the joint motion for preliminary approval of class action settlement is **GRANTED**.

**Attorneys' Fees and Enhancement Awards**

The parties request a preliminary finding that the agreed sum of up to $76,000 for attorneys' fees and costs and up to a total of $24,000 for enhancement awards to the named Plaintiffs are fair and reasonable. Insofar as the maximum amounts for these awards are included in the Settlement Agreement, they are included in the preliminary finding that the Settlement Agreement is fair, reasonable, and adequate. Nevertheless, the awards are subject to a separate motion requirement, including proof of reasonableness of the requested amounts. *See* Fed. R. Civ. Proc. 23(h)

**Notice of Class Certification and Settlement**

Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(e)(1) requires reasonable notice to all class members who would be bound by the proposed settlement. The notice must explain in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and the binding nature of a class judgment. Fed. R. Civ. P. 23(c)(2)(B).

The parties propose notice in English and Spanish by first class mail to each class member who could be identified from Challenger's records or located by the claims administrator. In addition, they propose to publish a summary of the notice in the San Diego Union-Tribune and the Riverside Press. This method meets the requirements of Rule 23.

The content of the proposed Notice to Class of Proposed Settlement of Disputed Claims and its accompanying forms, all attached as Exhibit A to the Settlement Agreement ("Notice") are hereby approved with the following changes:[1]

A.   Notice section entitled "Important – Please Read This Notice Carefully":

---

[1] Where appropriate, additions are marked by underscoring and deletions are marked by strikeouts.

To avoid confusion, references to the "claim form" shall be to the title of the actual claim form attached to the Notice. The third sentence of the section should therefore read: "To receive money from this Settlement, you must complete and return the <u>Settlement</u> Claim <u>Certification</u> Form included with this Notice . . .." All references to the "Claim Form" in the Notice should be changed accordingly. Alternatively, the parties may elect to change the heading on the attached form from "Settlement Claim Certification Form" to "Claim Form," and leave the Notice language unchanged in this regard.

B.     Notice section entitled "1. Why Should You Read This Notice?":

A sentence shall be added at the end: "Nevertheless, the parties have reached a settlement and are seeking court approval to finalize it."

C.     Notice section entitled "2. Case Description":

In the interests of consistency and to avoid undue confusion, the last two sentences of the section shall be revised as follows: "Once the Court gives its final approval, the Settlement will finally resolve all known and unknown claims against DEFENDANTS (except claims arising under the federal Davis-Bacon Act) of every CLASS MEMBER who does not remove himself or herself from the Settlement <u>by completing the enclosed form titled "Election to Opt Out of Settlement and Class Action.</u> CLASS MEMBERS who do not ~~remove themselves~~ <u>opt out</u> from the Settlement will lose their right to collect money for these claims, even if they do not return a <u>Settlement</u> Claim <u>Certification</u> Form."[2]

D.     Notice section entitled "6. If You Do Not Want to Be Part of This Settlement" and the form entitled "Election to Opt out of Settlement and Class Action":

At the end of the first paragraph the following sentence shall be added: "This means that even if you do not receive any money, you will not be able to collect money for the known and unknown claims against DEFENDANTS (except claims arising under the federal Davis-Bacon Act)." The same sentence shall be added to the opt out form at the end of the second paragraph.

E.     Notice section entitled "7. If You Want to Object to This Settlement":

A paragraph shall be added after the first paragraph as follows: "In addition to submitting a

---

[2] As discussed above, the parties may elect to rename the form as "Claim Form."

written objection, you may appear in person and/or through your own attorney at the hearing to determine whether the settlement should be given final approval by the Court. The hearing is scheduled for April 6, 2012 at 1:30 p.m. in Courtroom 10 of the United States District Court for the Southern District of California , 940 Front Street in San Diego, California. The date and time of the hearing may change without further notice. Check the Court calendar before coming to Court."

      F.      Notice section entitled "8. How Much Money Can I Expect to Receive?":

Pursuant to Paragraph 2.2.7 of the Settlement Agreement, the following sentence shall be added at the end of the last paragraph: "You should seek your own personal tax advice prior to acting in response to this Notice." Furthermore, a paragraph shall be added at the end of the section as follows: "Your estimated gross settlement payment, before applicable deductions, is stated in the attached Settlement Claim Certification Form.[3] The exact amount to which you may be entitled under the Settlement will not be known until the Court grants final approval of the Settlement."

      G.      Notice section entitled "Additional Information":

The first paragraph of this section shall read: "The ~~full Stipulation of~~ Settlement <u>agreement</u> sets out all the settlement terms between the PARTIES, including the distribution formulas. You may request a copy of the ~~full~~ Settlement <u>agreement</u> ~~by~~ <u>from</u> the Claims Administrator."

      H.      At the very end of the Notice, add the following sentence. "Instead, you may contact Plaintiffs' and Class Members' Attorneys or the Claims Administrator using the contact information provided above."

      I.      Settlement Claim Certification Form:

The form asks each class member to certify the number of hours he or she worked for Challenger based on Challenger's records. This is problematic particularly because the operative complaint is premised in part on the allegation that Challenger maintained inaccurate payroll records, including failure to "accurately show all hours worked on the public works jobs." (Third Am. Compl. at 6.) The proposed claim form does not provide the means for a class member to dispute the number of hours proffered on the form by Challenger, although the Settlement Agreement anticipates such disputes may arise. (*See* Settlement Agreement ¶ 2.6.5.) Accordingly, a paragraph shall be added to

---

[3] As discussed above, the parties may elect to rename the form as "Claim Form."

the claim form immediately preceding the paragraph commencing with "You must complete, sign and mail this form by first class U.S. mail . . .." The paragraph shall read: "If you disagree with the number of hours listed above, provide the following information: I worked ___ hours as an employee of Challenger Sheet Metal, Inc. between November 22, 2006, and October 14, 2011, on construction projects other than federal projects. If available, attach proof of the number of hours you worked."

J.   Due dates referenced in the Notice:

The due dates and hearing date set forth in the Notice shall conform to this Order.

The motion for approval of proposed Notice is **GRANTED WITH MODIFICATIONS** listed above.

Based on the foregoing, the Joint Motion Regarding Preliminary Approval of Class Action Settlement is **GRANTED WITH MODIFICATIONS** to the proposed Notice. It is hereby **ORDERED** as follows:

1.   This action is certified as a class action for purposes of settlement only pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

2.   The Settlement Agreement is preliminarily approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

3.   Named Plaintiffs Brandon Duran, Byron Pedroza and Pedro Fajardo, Jr. are approved to act as class representatives for settlement purposes only.

4.   Ricardo Ochoa, Esq. of Hayes & Cunningham is appointed as class counsel pursuant to Federal Rule of Civil Procedure 23(g) for settlement purposes only.

5.   Simpluris, Inc. is approved to act as claims administrator for settlement purposes only.

6.   The content of the Notice is approved pursuant to Federal Rule of Civil Procedure 23(c)(2)(B) and (e), but only with modifications listed in this Order.

7.   The Notice shall be translated into Spanish. In case of any discrepancies between the English and Spanish versions, the English version shall govern.

8.   The Notice and its Spanish translation shall be sent by first class mail to the last known address of each putative class member who can be identified from Challenger's records or located through reasonable effort. This means of distribution is approved pursuant to Federal Rule of Civil

1  Procedure 23(c)(2)(B) and (e).

2  / / / / /

3      9.    The Notice shall be mailed by Simpluris, Inc. no later than forty (40) days of the filing date of this Order.

5      10.    A summary of the Notice shall be published in the San Diego Union-Tribune and the Riverside Press Enterprise by Simpluris, Inc. on a date to be agreed upon by the parties, but no later than forty (40) days of the filing date of this Order.

8      11.    The time for putative class members to respond to the Notice by submitting the opt-out form, objections and/or claim form shall be forty (40) days from the date the Notice was mailed.

10      12.    No later than March 26, 2012, the proponents of the settlement shall file a motion for final approval of class action settlement. The motion shall include and address any objections received up to the filing date. In addition to the class certification and settlement fairness factors, the motion shall address the number of Notices sent and returned by the U.S. Postal Service, the number of putative class members who opted out, and the number of claims. With respect to the claims, the motion shall indicate how many were not properly completed and how many reflect a disagreement regarding the hours worked. To the extent any claim forms were not properly completed or reflect any disagreements, the motion shall describe the efforts made to resolve these issues.

18      13.    A hearing on final approval of class action settlement shall be held before this Court on April 6, 2012 at 1:30 p.m. In addition to the issues identified for the motion briefing, at the hearing the proponents of the settlement shall be prepared to update the Court on any new developments since the filing of the motion, including any untimely submitted opt-outs, objections and claims.

22      14.    Pending the hearing, the parties shall comply with all the applicable terms of the Settlement Agreement, including, without limitation, the provision for Challenger's payment of administrative costs.

25      15.    The Protective Order filed May 23, 2011 shall remain in effect unless expressly ordered otherwise. In addition, the parties shall comply with the confidentiality provisions of the Settlement Agreement. However, the names of the individuals who opt out of this class action may be included in the final judgment.

16. Nothing in this Order shall be deemed a finding of fault, liability, or wrongdoing on the part of any Defendant.

17. Defendants The Augustine Company, Echo Pacific Construction, Inc., and Jaynes Corporation of California, and each of them, are **DISMISSED WITHOUT PREJUDICE** with each party to bear his or its costs and attorneys' fees.

18. In light of the conditional nature of the Settlement Agreement, if any of the events occur which may be grounds for the Settlement Agreement to be terminated or become null and void, as provided therein, the parties shall notify the Court no later than seven calendar days after such event and move to decertify the class, as provided in the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: November 21, 2011

_____
HON. DANA M. SABRAW
United States District Judge